BRESEE v. CLARK EQUIPMENT CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCI-
DENTAL INJURY—EVIDENCE—SUFFICIENCY.

On certiorari to review an award under the workmen's
compensation act, evidence *held*, sufficient to sustain the
finding of the industrial accident board that deceased was
injured by cutting his foot on a steel shaving, as claimed,
while pursuing his duties in defendant's shop.

2. SAME—ADMISSION OF HEARSAY TESTIMONY NOT REVERSIBLE
ERROR WHERE FACT ESTABLISHED BY COMPETENT EVIDENCE.

The Supreme Court will not reverse the conclusion of the
board as to the cause of the injury even though hearsay
testimony was admitted, where there was sufficient com-
petent evidence of the fact to make a *prima facie* case.

3. SAME—CAUSE OF DEATH—CONJECTURE—EVIDENCE—EXPERT WIT-
NESSES.

That the death of deceased could as well be ascribed to
tetanus caused by an injury from a nail received by deceas-
ed in his home 25 days before he became ill as to the injury
relied upon, which was received but 6 days before he be-
came ill, and 10 days before his death, as contended by
defendant, is precluded by the testimony of the medical
witnesses that deceased died from acute tetanus, and that
acute tetanus usually develops in 6 or 7 days after the
injury and not longer than 9 days.

Certiorari to Industrial Accident Board. Submitted
April 22, 1921. (Docket No. 15.) Decided June 6,
1921.

Carrie Bresee and another presented their claim for
compensation against the Clark Equipment Company
for the accidental death of their decedent in defend-
ant's employ. From an order awarding compensation,
defendant brings certiorari. Affirmed.

As to injuries arising out of and in the course of the em-
ployment, within meaning of workmen's compensation acts, see
notes in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114, and
L. R. A. 1918F, 896.

*Frank R. Sanders* (*George W. Bridgman,* of counsel), for appellant.

*Stuart B. White,* for appellees.

BIRD, J. This case is certiorari to the industrial accident board to review proceedings which led to an award of $4,200 to plaintiffs on account of the death of Elmer Bresee, husband and father of plaintiffs, in defendant's manufacturing plant at Buchanan. It was shown to the committee of arbitration that Elmer Bresee was employed by defendant in its machine shop as an operator of a drill press. That while engaged in such work on December 19, 1919, he stepped on a steel shaving which entered his foot near the little toe. He did not appear greatly concerned about it and worked until December 25th. On that day he became ill. From that time he rapidly grew worse and died on December 29th of tetanus. The committee of arbitration allowed plaintiffs a death award of $4,200. On appeal to the industrial accident board the award was affirmed.

Defendant has alleged numerous errors, but they are substantially all aimed at two propositions:

*First.* That there was no competent proof that Elmer Bresee received any injury in defendant's shop arising out of and in the course of his employment.

*Second.* If he did receive such an injury as is claimed, it was not shown that he died from the effects of it.

1. It was shown by the plaintiffs that on the evening of December 19th Elmer Bresee came home and complained to Mrs. Bresee that he had stepped on a steel shaving, that he showed the injury to her and that she examined and treated it with peroxide and iodine. It was shown that he exhibited his foot to Dr. Curtis, to whom the company sent him when he reported the accident. It was shown that Mr. Bresee stated to him how it was caused and that Dr. Curtis examined it

and. prescribed for him. That later he exhibited the injury to Dr. Bailey, and informed him how it was incurred, and that Dr. Bailey treated the injury until he died. It was further shown that Mr. Bresee reported his injury to his foreman, and that his foreman made the first report to the industrial accident board. In this report, under number 12, is the following:

"Nature and Cause of Injury—Claimant alleges stepping on steel shaving, cutting right. foot,"

and further stating that Dr. Curtis was the attending physician. Subsequently, Mr. Hathaway, the superintendent, made the final report to the industrial accident board. In this report it stated:

"Cause and Manner of Accident—Stepped on steel shaving.
"Nature and Extent of Injury in Detail—Cut his right foot."

It was further shown that after the accident Mr. Bresee limped and favored his injured foot. Much is said by counsel concerning the hearsay evidence in. the record, as to the cause of the injury. There is,. undoubtedly, some hearsay testimony in the record bearing upon that question, but we think that if this be eliminated there is still sufficient competent evidence to make a *prima facie* case, that Mr. Bresee was injured as claimed while pursuing his duties in defendant's shop. This court has held that, even though there be hearsay evidence in the testimony, we will not reverse the conclusion of the board for that reason where there is sufficient competent evidence of the fact to make a *prima facie* case. *Reck* v. *Whittlesberger,* 181 Mich. 463 (Ann. Cas. 1916C, 771); *Fitzgerald* v. *Lozier Motor Co.,* 187 Mich. 660.

2. It developed during the hearing that the deceased had, on December 1st, scratched or punctured his foot by coming in contact with an old nail while doing

some work in his cellar, and that the injury caused by the steel shaving was in the same place as the nail injury. It is argued at some length that the nail injury might cause tetanus, as shown by the medical proof, and that the death of Mr. Bresee could as well be ascribed to this injury as the subsequent one, and that if the death could be as well ascribed to one as the other, then no award could be legally made. The record discloses with much certainty that Mr. Bresee died as the result of lockjaw, or tetanus. The medical witnesses testified that he died from acute tetanus, and that acute tetanus usually developed in 6 or 7 days after the injury, and not longer than 9 days. If this were so, his death must have been caused by the subsequent injury as the first injury occurred over 3 weeks before the disease manifested itself. It was shown by cross-examination of the medical witnesses that the nail injury might have produced chronic tetanus, and had it not appeared by positive testimony that the deceased died from acute tetanus the argument of counsel might have some force. As has been stated, the medical witnesses testified that he died from acute tetanus and the board in its finding finds as a fact that he died from acute tetanus. This testimony would preclude any idea of his having met his death by chronic tetanus induced by the nail injury. The board's finding as to this point we think was consistent with and supported by the testimony.

The award of the industrial accident board is affirmed, with costs to the plaintiffs.

STEERE, C. J., and MOORE, WIEST, FELLOWS, STONE, CLARK, and SHARPE, JJ., concurred.