POWELL v. HOAGE (GLOBE INDEMNITY CO., Intervener).

No. 5193.

Court of Appeals of the District of Columbia.

Argued Oct. 13, 1931.

Decided March 21, 1932.

Herbert S. Ward and Thos. H. Patterson, both of Washington, D. C., for appellant.

Leo A. Rover, S. H. Fischer, Norman Fischer, L. S. Bendheim, and John W. Fihelly, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

Appellant is the widow of Angus A. Powell, who died in Washington City May 13,

1929. Her husband had been employed by Edward W. Minto Company, Inc., as an interior decorator and painter, and, while so employed, on October 9, 1928, a scaffold on which he was standing collapsed, as a result of which he sustained a fracture of the bone of his leg. He was taken to the hospital, were he remained for 67 days. While there he was examined, and no other injuries found except a bruised hip. On December 15, 1928, he was discharged from the hospital as recovered.

During the period of his confinement he received compensation in accordance with the act.

He returned to his home, but did little or no work after that time, and, on May 13, 1929, was returned to the hospital, where he died that evening of pulmonary tuberculosis.

His widow filed a claim with the Compensation Commission, alleging his death to have been the result of the injury sustained on October 9, 1928. The Commissioner dismissed the complaint on the ground that the testimony did not show that the injury which the deceased sustained in 1928 was the proximate cause of the tuberculosis resulting in his death in 1929. Appellant thereupon filed her bill of complaint in the Supreme Court of the District asking a mandatory injunction requiring the Commissioner to withdraw his order denying compensation and to enter in lieu thereof an award in her favor. The court below sustained the Commissioner's finding, and from the order dismissing the bill this appeal was taken.

The testimony given at the Commissioner's hearing is made a part of the record, and we have examined it carefully.

Section 21 of the Longshoremen's and Harbor Workers' Compensation Act, subdivision (b), Act March 4, 1927, c. 509, § 21, 44 Stat. 1436 (33 USCA § 921 (b); Act May 17, 1928, c. 612, 45 Stat. 600 (33 USCA § 901 note, D. C. Code 1929, T. 19, §§ 11, 12), provides as follows: "If not in accordance with law a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order. * * *"

We have, as recently as a year ago, had occasion to interpret this section of the law. See New Amsterdam Co. v. Hoage, 60 App. D. C. 40, 46 F.(2d) 837. And the section has been construed by the federal courts in many of the circuits. See Pocahontas Fuel Co. v. Monahan (C. C. A.) 41 F.(2d) 48, 49; Wilson & Co. v. Locke (C. C. A.) 50 F.(2d) 81, 82; Wheeling Co. v. McManigal (C. C. A.) 41 F.(2d) 593; N. W. Co. v. Marshall (C. C. A.) 41 F.(2d) 28, and the cases cited. The conclusion reached by us as well as by most of the courts is that the deputy commissioner's findings of fact must be accepted as conclusive if supported by evidence, unless there was some irregularity in the proceedings before him. This is also the effect of the decision of the Supreme Court in Crowell v. Benson, decided February 23, 1932, 52 S. Ct. 285, 76 L. Ed. ——. In that case the Chief Justice, who delivered the opinion of the court, distinguished cases in which the jurisdiction of the Commissioner is challenged; i. e., cases involving the factual question of master and servant, or the question of place of injury (whether on navigable waters or not), and cases involving ordinary questions of fact arising with respect to injuries to employees within the purview of the act, and held, as to the former, the right to a trial in the district court de novo, and, as to the latter, the conclusiveness of the Commissioner's finding when supported by evidence.

We therefore reach the conclusion that the cases in which we may set aside an order of the Commissioner as "not in accordance with law" are only those in which it appears that there is an error of law, or in which the order of the Commissioner is not supported by substantial evidence, as well, of course, in those in which it is arbitrary and unreasonable. If the finding, however, is supported by substantial evidence, it is final.

It remains, therefore, to determine whether the testimony taken at the hearing before the deputy commissioner will sustain the finding that the injury sustained by appellant's husband the previous year while in the employ of Edward Minto Company had no causal relation to his death.

The interne at the hospital, who attended deceased while there for leg injury, testified that, though he went over the patient's chest more than once, as did other doctors also, no physical signs could be found of tuberculosis, and deceased left the hospital fully recovered.

Dr. Larkin, the physician who set the injured leg on October 9, 1928, testified that his examination showed no chest injury of any kind, and that, in his opinion, if the injury had caused any chest trouble, such as tuberculosis, he probably would have observed it. This doctor also stated that he saw no connection between a fracture of the leg and pulmonary tuberculosis.

The evidence of the nonprofessional witnesses, mostly friends and members of the family of the deceased, throws little light on the subject, but such as it does throw rather indicates that deceased had suffered with some form of tuberculosis, more or less dormant perhaps for many years, and hence appellant relies almost entirely upon the testimony of Dr. Shapiro, who, in answer to a hypothetical question based upon the facts as developed before the commissioner, expressed the opinion that deceased's death was either due to, or accelerated by, the accident in the preceding year. On cross-examination the doctor expressed the opinion that the tubercular condition might have been caused by another injury received by deceased in February, 1928. We have, therefore, a case in which the two doctors who actually attended deceased discovered in the long period of his confinement in the hospital no indication of tuberculosis, though it is obvious their examination was superficial, and, on the other hand, the expert opinion of another physician who had never seen him during his lifetime.

While the opinion evidence of Dr. Shapiro was undoubtedly entitled to great weight, it is not necessarily conclusive—indeed, his evidence, taken as a whole, rather suggests that the subject is one on which reasonable men of equal ability may differ, and at least is speculative and, in some degree at least, uncertain. The Commissioner had the advantage of hearing him testify and of applying the other facts we have briefly noticed to the determination of the question, and, in these circumstances, we cannot say that there was no substantial evidence, or that his findings of fact are contrary to the indisputable character of the evidence, and it is not contended that the hearing was inadequate or unfair or arbitrary in any respect.

While, therefore, we might have reached a different conclusion on the evidence, we feel that we may not, under the rule we have announced, substitute our judgment for that of the Commissioner, and, since we may not, it follows that we must affirm the action and decision of the court below.

Affirmed.