## MASSACHUSETTS BONDING & INS. CO. v. HOAGE (TRIPLETT, intervener).

### No. 5953.

Court of Appeals of the District of Columbia.

Argued Jan. 10, 1934.

Decided Feb. 5, 1934.

Austin F. Canfield, of Washington, D. C., for appellant.

W. Gwynn Gardiner, Jr., of Washington, D. C., for appellee Ellen C. Triplett.

Leo A. Rover, U. S. Atty., and John J. Wilson, Asst. U. S. Atty., both of Washington, D. C., for appellee Robert J. Hoage.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

This is a compensation case in which the Deputy Commissioner under the statute[1] made an award, which is challenged on the ground that there was no substantial evidence upon which to base it.

The facts as found by the Deputy Commissioner are as follows: On March 8, 1932, a very cold day, George A. Triplett, a civil engineer, was in the employ of the S. M. Siesel Company at 10th street and Constitution Avenue, NW. While stepping backwards, he fell into a hole filled with water, wetting one of his legs. On the following morning he complained to his wife that he had fallen in a hole filled with water the day before; that he did not feel well; and that he felt that he was contracting the grippe. He went to work that day but returned about 3:30 p. m. and went to bed. Dr. Dodd, the family physician, prescribed for a cold, and the employee returned to work the next day. He continued to complain of feeling badly and suffered with a cold until March 24th, when he was compelled to stop work. He then complained of neuralgia of the face, and "made further complaint about this time that he had not felt well since the day he had fallen in the hole." He was taken to Walter Reed Hospital on the evening of March 25th, and upon examination it was found that he was suffering from Landry's paralysis (creeping paralysis), from which he died on the morning of March 26th. The Deputy Commissioner ruled that "the medical evidence establishes that the cold with which the employee suffered following the accident on March 8, 1932, lowered his bodily resistance and caused the onset of the disease known as Landry's paralysis from which the employee died."

It is conceded that Landry's paralysis was the immediate cause of the death of the employee; so that the only question with which we are concerned, is whether there is substantial evidence of a causal connection between the immersion and the paralysis.

Dr. Dodd testified that Mr. Triplett, prior to the accident, was in perfect health; that in his opinion there was a causal relation between the accident and the paralysis; that he reached this conclusion "by a process of elimination." Asked to explain it, the doctor stated: "It says that Landry's paralysis may be due to various things; infection, exposure to cold, infectious diseases like typhoid fever, scarlet fever, and other fevers, and it may be due even to tuberculosis. In the post mortem report every other condition was eliminated; no infection was found except in the spinal cord. The man did not have scarlet fever; there was no infection of the tissues; * * * there was no elevation of temperature; pulse and temperature were almost normal up until the very last, and I could not, by my medical knowledge deter-

[1] Longshoremen's and Harbor Workers' Compensation Act, c. 509, 44 Stat. 1424, tit. 33, c. 18, § 901 et seq., U. S. C. Supp. VI (33 USCA § 901 et seq.), as made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, tit. 19, §§ 11 and 12, D. C. Code, 1929 (33 USCA § 901 note).

mine that the cause of paralysis was due to anything else than this injury he received by this extreme cold following his falling into this icy water."

Dr. Mahon, a major in the Medical Corps of the Army, and stationed at Walter Reed Hospital, examined Triplett when he was received at the hospital, and performed the autopsy. He testified that "this man apparently got his cold from the submerging and Landry's paralysis from the cold.  *  *  * There is a causal relation between the 'flu' and Landry's."

There was other medical evidence, but we do not deem it necessary to consider it, for the reason that the testimony already reviewed is sufficient in our view to sustain the award. Powell v. Hoage, 61 App. D. C. 99, 57 F.(2d) 766; Hoage v. Employers' Liability Assur. Corp., 62 App. D. C. 77, 64 F.(2d) 715, 61 Wash. Law Rep. 370. It is conclusively established that Mr. Triplett, prior to the accidental immersion of his leg in the ice-cold water, was in perfect health. It is equally well established that the following morning he complained of not feeling well and expressed the opinion that he was contracting the grippe. He continued to complain until he was taken to the hospital, where he died within twenty-four hours. "Injury," as defined by the statute, means "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury. *  *  *  *" Section 2 (2), 44 Stat. 1424 (33 USCA § 902 (2). In this case the immediate "injury" following the accidental immersion was the subjecting of Triplett's body and system to the unaccustomed shock or effect of the cold water, causing the cold or grippe and resulting in paralysis. The evidence, particularly the testimony of Dr. Dodd, justified the Deputy Commissioner in ruling that the paralysis was the natural result of the accidental injury.

The decree dismissing the bill for an injunction is affirmed.

Affirmed.