**MALONE v. HOAGE, Deputy Com'r et al.**

**No. 6213.**

United States Court of Appeals for the District of Columbia.

Argued Oct. 5, 1934.

Decided Nov. 5, 1934.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellant.

G. E. Hamilton, G. E. Hamilton, Jr., J. J. Hamilton, and H. R. Gower, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal under the provisions of the District of Columbia Compensation Act (Longshoremen's and Harbor Workers' Compensation Act, title 33 U. S. C. §§ 901–950 [33 USCA §§ 901–950]; Act May 17, 1928, T. 19, D. C. Code, §§ 11–12, 33 USCA § 901 note).

William F. Malone was a stationary engineer in the employ of the Washington Terminal Company. On March 24, 1932, he received an injury to his right wrist, which was caught between a crank-pin bearing and a guard on an air compressor at the power plant of the Terminal Company. A few days later Malone made a claim for workmen's compensation—which was paid for a period of approximately five weeks—and in his written statement to the Deputy Commissioner described the accident as follows: "On March 24, 1932, at the Eckington power plant of the Washington Terminal Company, I was badly injured in right wrist, being caught between a crank-pin bearing and guard on a large air compressor. X-rays were taken at Emergency Hospital and showed no bones broken."

The evidence shows that at the time of the injury Malone was 41 years of age and was then suffering from chronic heart trouble. He died on December 4, 1932, the cause of his death being given as acute cardiac dilation, with a secondary or contributing cause as cardiorenal hepatic disease. His widow (appellant) filed a claim for compensation under the act. In due course there was a hearing before the Deputy Commissioner, who rejected the claim and refused to allow compensation. The Commissioner found the cause of death to be as stated above, and he also found "that the claimant (had) failed to establish

856

by evidence that the conditions from which the employee died * * * were caused, activated, or precipitated by the injury suffered by the employee on March 24, 1932, but that the death of the employee was due to causes entirely unrelated to the injury * * *."

■ Appellant then filed a bill in equity to set aside the order, but upon motion of appellees to dismiss the bill the lower court entered a decree sustaining the Commissioner's findings and order. On appeal to this court appellant's position is that the injury received in March, 1932, aggravated, accelerated, or hastened Malone's death. The basis of this is that the injury caused a severe shock, and that the shock intensified the heart trouble, and that this eventually caused Malone's death. Medical evidence introduced by appellant tended to sustain her position, but an examination of all the evidence discloses that the greater preponderance of the professional evidence was altogether the other way. In the circumstances it is clear the question of fact was for the Commissioner, and in that case, as we have so often said before, we are not at liberty to re-examine the weight of the evidence. It is enough that there is substantial evidence in the record to sustain the Commissioner's order. Here there was ample evidence justifying the conclusion reached, and we find ourselves, for that reason, without power to set aside the order. See Powell v. Hoage, 61 App. D. C. 99, 57 F.(2d) 766; Hoage v. Employers' Liability Corp., 62 App. D. C. 77, 64 F.(2d) 715; Crowell v. Benson, 285 U. S. 22–46, 52 S. Ct. 285, 76 L. Ed. 598; Voehl v. Indemnity Co., 288 U. S. 162, 53 S. Ct. 380, 77 L. Ed. 676, 87 A. L. R. 245; Fidelity Co. v. Burris, 61 App. D. C. 228, 59 F. (2d) 1042.

Affirmed.