ASSOCIATED GENERAL CONTRACTORS OF AMERICA, Inc., et al. v. CARDILLO, Deputy Com'r of United States Employees' Compensation Commission (CONN, Intervener).

No. 7193.

United States Court of Appeals for the District of Columbia.

Decided June 26, 1939.

James E. McCabe, of Washington, D. C., for appellants.

David A. Pine, U. S. Atty., Harry L. Underwood, Asst. U. S. Atty., Z. Lewis Dalby, Chief Counsel, U. S. Employees' Compensation Commission, and Charles T. Branham, Associate Counsel, U. S. Employees' Compensation Commission, all of Washington, D. C., for appellee Cardillo.

James A. O'Shea, John H. Burnett, and Alfred Goldstein, all of Washington, D. C., for appellee Conn.

Before GRONER, Chief Justice and STEPHENS and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

This is an employee's compensation case. Whitman P. Conn, the employee, died on January 3, 1937, of a cerebral hemorrhage. The Deputy Commissioner awarded compensation on the basis of findings that on[1] November 15, 1936, Mr. Conn struck his right temple against a filing cabinet in appellant's office, and that this injury caused the hemorrhage. The employer and the insurance carrier sued in the District Court to set aside the award. They have appealed from a decree dismissing their bill.

Conn's widow and daughter testified that he came home from the office about November 15, at the usual time, and told them he had struck his head on a filing cabinet there. A brother-in-law testified to a like statement by Conn on Thanksgiving

---

[1] "On" is a harmless error for "about"; the 15th was a Sunday and Conn did not work.

day. The Deputy Commissioner is not bound by common-law rules of evidence;[2] and the statute[3] which so provides also provides that the "declarations of a deceased employee concerning the injury * * * shall be received in evidence and shall, if corroborated by other evidence, be sufficient to establish the injury."[4]

It was shown that there was a steel filing case in the office where Conn worked. His widow and daughter testified that when he told them of the injury he had a slight gash, half or a quarter of an inch long, and some dried blood, on his right temple; that he complained of a violent headache and nausea; that he went to bed without eating dinner; that he afterwards developed a twitching of the right side of his face, had frequent headaches and nausea, and became nervous and irritable. On December 18 he quit work because of a severe headache, and lapsed into coma. There was medical testimony that the fatal hemorrhage resulted from trauma and that the trauma probably occurred about six weeks before death, was probably caused by a sharp blow from a hard object, and might have been caused as appellees claimed.

The Deputy Commissioner and the District Court were within their discretion in finding, in effect, that Conn's declarations concerning the injury were corroborated. "The further definition of the term 'corroboration,' by detailed rules of law, is unwise and unpractical." 4 Wigmore, Evidence, § 2062. Whatever tends to make a story substantially more credible or probable corroborates it. There is abundant and obvious corroboration of the fact that somewhere and somehow, about November 15, Conn received a head injury which ultimately caused his death. It is not disputed that in the middle of November, on week-days and during office hours, he was working at his employer's office. His story of how and where the injury happened is corroborated by the facts that (1) he came home from the office "at his usual time," with a visible wound and manifestations of suffering which he had not exhibited when he left home to go to the office, and (2) there was, in his office, a filing case on which he could have injured himself as he said he did. Compensation Acts "should be construed liberally in furtherance of the purpose for which they were enacted and, if possible, so as to avoid incongruous or harsh results."[5] We should be construing the Act very narrowly if we held, in effect, that awards must be supported by eye-witness testimony. As appellees' counsel point out in their brief: apart from declarations of the deceased, fatal "injuries sustained by employees while working alone or while not under observation * * * cannot ordinarily be proved by any means other than the introduction of (1) testimony, such as was adduced in the present case * * * that cuts, bruises, lacerations, or other objective symptoms of injury were observed * * * shortly after the injury was alleged to have been sustained, and (2) medical evidence that the alleged injury could have occurred in the manner described by the decedent and could have caused the condition of the decedent disclosed by medical examination or autopsy." Awards have been sustained in many cases of unwitnessed fatal injuries.[6]

The evidence might have supported, but it did not require, a finding that the fatal trauma was caused by a boxing bout. We have no concern with the relative weight of evidence.[7]

The employer learned of the death immediately, and immediately thought that the case was a serious one. As early as December 23 the employer had learned, and undertaken to notify the insurance carrier, of the claim that the injury occurred as it has now been found to have occurred. The Deputy Commissioner's finding that the

---

[2] Crowell v. Benson, 285 U.S. 22, 48, 52 S.Ct. 285, 76 L.Ed. 598; Georgia Casualty Co. v. Hoage, 61 App.D.C. 195, 59 F.2d 870.

[3] Longshoremen's and Harbor Workers' Compensation Act, U.S.C., tit. 33, c. 18, 33 U.S.C.A. § 901 et seq.; made applicable in the District of Columbia by D.C. Code, tit. 19, c. 2; 45 Stat. 600, §§ 11, 12.

[4] U.S.C. tit. 33, c. 18, § 923(a), 33 U.S.C.A. § 923(a).

[5] Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 414, 52 S. Ct. 187, 189, 76 L.Ed. 366.

[6] E. g., Standard Oil Company v. Mealey, 147 Md. 249, 127 A. 850; Bresee v. Clark Equipment Company, 214 Mich. 235, 183 N.W. 19; Republic Iron & Steel Company v. Reed, 223 Ala. 617, 137 So. 673.

[7] Powell v. Hoage, 61 App.D.C. 99, 57 F.2d 766; Malone v. Hoage, 64 App.D.C. 38, 73 F.2d 855.

employer was not prejudiced by lack of written notice of death is clearly right. In a case involving compensation for death the time within which notice must be given runs from the death, not from the injury which caused the death.

Affirmed.