POTOMAC ELECTRIC POWER CO. v. CARDILLO, Deputy Com'r, U. S. Employees Compensation Commission (KICKLIGHTER, Intervener).

No. 7375.

United States Court of Appeals for the District of Columbia.

Decided Nov. 13, 1939.

---

3 Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 414, 52 S. Ct. 187, 189, 76 L.Ed. 366.

4 33 U.S.C. § 920(a), 33 U.S.C.A. § 920(a).

David A. Pine, U. S. Atty., William S. Tarver, Asst. U. S. Atty., and Charles T. Branham, Associate Counsel, U. S. Employees' Compensation Commission, all of Washington, D. C., for appellee Cardillo.

S. Preston Smith, of Washington, D. C., for appellee Kicklighter.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

In this compensation case, the deputy commissioner made an award in favor of the employee, Raymond W. Kicklighter. The employer sued in the District Court to enjoin enforcement of the award, and now appeals from a decree dismissing its bill.

On May 24, 1935, Kicklighter was struck on the head by the metal end of an air hose. The accident arose out of and in the course of his employment. He was taken at once to Emergency Hospital, and treated for laceration and concussion. He left the hospital in two days, and returned to work in a week. At that time he had no claim to compensation, for the first seven days of disability are not compensable.[1] Up to November 16, 1936, or thereabouts, he was not again disabled by reason of the accident. After that date he worked very little. In the spring of 1937, he was first informed by a psychiatrist that he was suffering from a progressive disease of the brain caused by the accident of May, 1935. On August 18, 1937, he filed a claim for compensation. At the hearing doctors disagreed on the question whether he was, after November 16, 1936, disabled by reason of the 1935 accident. The record contains evidence which supports the finding in his favor, and other evidence which would support a contrary finding. It follows that the actual finding is conclusive.[2] As we have said repeatedly, the weight of the evidence is for the deputy commissioner and not for the courts.[3]

The compensation act provides, in section 13(a), that the right to compen-

S. R. Bowen and R. E. Lee Goff, both of Washington, D. C., for appellant.

---

[1] 44 Stat. 1426, 33 U.S.C.A. § 906(a).

[2] Voehl v. Indemnity Ins. Co. of N. America, 288 U.S. 162, 166, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245.

[3] Powell v. Hoage, 61 App.D.C. 99, 57 F.2d 766; Malone v. Hoage, 64 App.D.C. 38, 73 F.2d 855; Associated General Contractors of America v. Cardillo, 70 App. D.C. 303, 106 F.2d 327.

sation for disability "shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death."[4] Appellant contends that "injury" is here equivalent to "accident," and that the limitation began to run in 1935. We think that "injury" is here equivalent to "compensable injury," and that the limitation did not begin to run until the claim to compensation arose in 1936 or 1937. An intent to bar compensation claims before they arise cannot fairly be imputed to Congress. No reason appears for treating death claims and disability claims differently in this respect, or for thinking that the statute does treat them differently. Cases are collected in Di Giorgio Fruit Corporation v. Norton, 3 Cir., 93 F.2d 119, certiorari denied, 302 U.S. 767, 58 S.Ct. 480, 82 L.Ed. 596, and Kropp v. Parker, D.C., 8 F.Supp. 290, both of which are in point.[5] We need not decide whether the limitation began to run in 1936, when Kicklighter became disabled, or in 1937, when he learned that his disability was caused by the accident of 1935. On either view, his claim was timely.

Affirmed.

[4] 44 Stat. 1432, 33 U.S.C.A. § 913(a); cf. D.C.Code, Tit. 19, Ch. 2, 33 U.S.C.A. § 901 note.

[5] Cf. Commercial Casualty Ins. Co. v. Hoage, Equity No. 57926, United States District Court for the District of Columbia, January 29, 1935 (not·reported).