**GOODING v. WILLARD et al.**
**No. 106, Docket 22788.**

United States Court of Appeals
Second Circuit.
Argued Dec. 9, 1953.
Decided Feb. 2, 1954.

William B. Hoffman, Mineola, N. Y., for plaintiff-appellee.

Kirlin, Campbell & Keating, New York City, Thomas Coyne and Vernon Sims Jones, New York City, of counsel, for Atlantic Basin Iron Works and Aetna Casualty & Surety Co., defendants-appellants.

Before CHASE, Chief Judge, and L. HAND and MEDINA, Circuit Judges.

CHASE, Chief Judge.

On April 14, 1948, William Gooding was employed by Atlantic Basin Iron Works to work as a welder on the S.S. Gibbons, then moored at Brooklyn, N. Y., undergoing repairs. The next day as he was leaving the ship he tripped and fell to the deck where his chest struck a metal lunch box he was carrying in his hand when he fell. The impact with the box was severe enough to break a rib near his heart and cause pain which was followed by difficulty in breathing first noticed about May 1st. He received medical attention but worked two days before an X-ray picture of his chest was taken which re-

vealed that a rib was broken. For that injury he was awarded temporary total disability compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 908, for a period of three weeks and two days. After his return to work on June 19, 1948, he was employed on light welding until July 30th, 1948, when he stopped, being physically unable to continue because of a pre-existing heart condition which had become considerably worse. He applied for additional disability payments which were denied by the Deputy Commissioner of the U. S. Employees Compensation Commission, Second Compensation District, who found that the condition of his heart was unrelated to the accident or to his employment. Thereafter he remained unemployed and died at Kings County Hospital of rheumatic heart disease and congested heart failure on March 13, 1950. He was then twenty-nine years old.

His widow applied for death benefits for herself and two minor children under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 909. After hearing and the making of findings, this application was denied by the Deputy Commissioner who had denied the second application of the deceased. The order of denial was on the ground that the death of the deceased was unrelated to the injuries he received when he fell and broke his rib or to his employment. This suit was then brought by the widow against the Deputy Commissioner, the employer of the deceased, and its insurance carrier, under 33 U.S.C.A. § 921, to enjoin the enforcement of the Deputy Commissioner's order and to have it set aside. After reviewing the record of the proceedings before the Commissioner on both the above mentioned applications, the court reached the conclusion that the order was not supported by substantial evidence and set it aside. D.C., 114 F. Supp. 853.

That part of the evidence which was undisputed shows that the deceased had been afflicted with rheumatic heart disease since his early youth and had had a heart murmur since he was six years old. In 1940, after he had first been classified IA, he was classified 4F by his local draft board. He was 5' 10" tall, weighed between 130 and 140 pounds from the time he was full grown and had been a manual laborer for about eight years before his fall, sometimes doing work which required considerable physical exertion. Yet his health had apparently been good except for about a year beginning in 1944 when he lost weight and was tired and nervous. He was then under the care of a doctor, consulting him about twenty times, and was treated for this condition but not for any impairment to his heart. An electrocardiogram was made which disclosed that his heart was then enlarged but only to the extent normal where there was a history of rheumatic heart disease like this. A medical examination of him in January, 1948, revealed a systolic murmur but no signs of decompensation and he was found fit to work.

The medical evidence as to whether the injuries he received when he fell and broke his rib aggravated his pre-existing heart impairment, and were thus a cause of the congestive heart failure from which he died, was conflicting. There was, however, nothing to show that the cause of his death was otherwise related to his employment. That the break in his rib was a fracture with no displacement of any fragments which caused structural damage to the heart was undisputed. The disagreement among the expert medical witnesses who testified was whether the trauma, which was an incident of the fall, was a cause of the subsequent deterioration in the condition of his heart which brought about his death about two years later. The doctors who were called by the claimant testified that in their opinion the trauma did cause the heart condition of the deceased to become progressively worse until his death was caused by it and gave their reasons for such a conclusion. Doctors who were called by the appellants testified that in their opin-

ion there was no relationship, directly or indirectly, between the injuries the deceased sustained when he fell and the condition of his heart which caused his death and also gave their reasons.

■■ The applicable rule as to the scope of permissible judicial review is that established by the Administrative Procedure Act of June 11, 1946, 60 Stat. 237, 5 U.S.C.A. § 1001 et seq. Its effect, as made clear in O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483, is that where, on the record considered as a whole in the light of Universal Camera Corp. v. Labor Board, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456, there is substantial evidence to support the administrative findings of fact they are to be accepted and given effect by the courts. As is pointed out in the opinion in the last mentioned case, "substantial evidence" means more than evidence which, considered by itself alone, would be sufficiently persuasive to induce the trier of fact to give it the credence and weight essential to support findings. It must have those characteristics to such an extent that in the setting made by the entire record the trier may reasonably find in accordance with it after giving due consideration to whatever else is shown both in opposition or in accord. Judicial review has been extended by the Administrative Procedure Act to embrace adequate exploration of the record as a whole to enable the reviewing court to arrive at its own judgment in determining that.

■ In this instance the learned judge undertook to do so and made a thorough analysis of the evidence which led him to the conclusion, for the reasons he set forth at length, that the administrative finding that the death of the employee was unrelated to the injury of his employment was not supported by substantial evidence. But that depend-ed upon the credibility, in the sense of reliability, of the several witnesses who testified either that it was or that it was not for the testimony either way, if believed, was undoubtedly adequate to support a finding in accordance with it. Where it cannot be said that the testimony was so inherently improbable that it was unworthy of belief as a matter of law, and that certainly was not so as to any of this testimony in respect to such a technical and complicated issue, the determination of the trier of fact as to whether the evidence of one set of witnesses who testified before him rather than that of the other is the more reliable is controlling.

■■ We might let decision turn on the above, but it should also be noted that the burden to show that the accident was a contributing cause of the death was on the appellee. It is obvious, of course, that in point of fact it either was or was not a contributing cause. However, in point of proof of causal connection, the conclusion of the trial judge that the finding of no causal connection was inadequately supported by the evidence leaves the appellee's burden undischarged. The finding of no causal connection went unnecessarily far in positive terms, but whether or not it went unjustifiably far on the evidence it was at least an expression of the determination of the Commissioner that the evidence was short to show affirmatively a causal connection between the accident and the death. It is abundantly clear that the evidence on the subject was so conflicting that the Commissioner could reasonably have found that there was no preponderance in favor of the appellee. As no more was needed to support his decision it was error to set it aside.

Judgment reversed and injunction dissolved.