241 F.2d 62
 AMERICAN SURETY COMPANY OF NEW YORK and Joseph H. Henderson, Deputy Commissioner of the Seventh Compensation District of the U. S. Department of Labor, Appellants,
v.
Mrs. Thelma WEBER, Appellee.
 No. 16225.
 United States Court of Appeals Fifth Circuit.
 February 8, 1957.
 Rehearing Denied March 11, 1957.
 
 Robert J. Skahan, Atty., U. S. Dept. of Labor, Washington, D. C., Prim B. Smith, Jr., Asst. U. S. Atty., M. Hepburn Many, U. S. Atty., New Orleans, La., for appellant Henderson. Stuart Rothman, Sol. of Labor, W. E. Boote, Asst. Sol., Herbert P. Miller, Atty., U. S. Dept. of Labor, Washington, D. C., of counsel.
 Stanley E. Loeb, Boswell, Loeb & Livaudais, New Orleans, La., for appellant American Surety Co. of New York.
 Arthur J. Mandell, Houston, Tex., John F. Connolly, New Orleans, La., Mandell & Wright, Houston, Tex., for appellee.
 Before HUTCHESON, Chief Judge, and CAMERON and JONES, Circuit Judges.
 HUTCHESON, Chief Judge.
 
 
 1
 This appeal from a decision[1] in a Longshoremen's and Harbor Workers' compensation proceeding, 33 U.S.C.A. § 901 et seq., tests for error, the conclusion of the district judge, that the deputy commissioner erred in finding and holding that, under 33 U.S.C.A. § 933, the failure of the compensation claimant, Mrs. Weber, to file a third party action for herself and minor child within one year of the death of her husband barred her claim for compensation under the act, and his judgment directing the deputy commissioner to proceed with a hearing on the merits of her claim.
 
 
 2
 It thus, on undisputed facts,[2] presents a single question of statutory construction involving three sections[3] of the Act.
 
 
 3
 The district judge rejected the respondents' view that when 33 U.S.C.A. § 933(f) says "institutes proceedings within the period prescribed in section 913 of this chapter", it refers to third party proceedings, that the reference to Section 913 is merely for the purpose of providing a time limitation on the filing of the third party action, and that it has no reference to the substance of Sec. 913 which concerns, of course, not third party actions but claims for compensation under the Act.
 
 
 4
 In accordance with his own construction of the statute, the district judge thought and said that the reference in Sec. 933, to instituting proceedings within the period prescribed in Section 913, was for the purpose, and had the effect, not of fixing a one year period for filing a third party proceeding but of referring to the time limitation on filing the claim for compensation and of fixing the same time limitation for filing the claim, whether it was or was not coupled with an election to sue a third party.
 
 
 5
 Basing his opinion upon this view, he held that the invoked section did not set any time for filing the third party action and that the commissioner's conclusion and decision that the claim was barred was therefore wrong.
 
 
 6
 We agree with the district judge's conclusion that the deputy commissioner's decision was wrong and should be set aside. We cannot agree, however, with the reason he gave for it, that the language in Sec. 933(f) "institutes proceedings within the period prescribed in section 913" refers not to the third party action but to the claim for compensation. Nevertheless, though we think that the deputy commissioner was right, the district judge wrong in this respect,[4] we think it plain that there is nothing in the statute which, in the circumstances of this case supports the result found by the commissioner. This is so because nowhere in the statute is it provided that the failure to file the third party action within one year bars the claim for compensation. The language is directory, not mandatory, and, in the absence of some positive showing of undue delay and of injury resulting from the failure to file within one year, it would be, we think, an unreasonable construction to read it as a statute automatically forfeiting claims to compensation without a showing of prejudice or injury. While the precise question here presented has not been authoritatively decided in any appellate court, in our opinion the decisions, dealing with analogous situations and generally giving the statute a liberal construction, preclude the construction contended for here. Cf. American Lumbermen's Mut. Cas. Co. v. Lowe, 2 Cir., 70 F.2d 616, 618; Associated General Contractors of America, Inc. v. Cardillo, 70 App.D.C. 303, 106 F.2d 327; Chapman v. Hoage, 296 U.S. 526, 56 S.Ct. 333, 80 L.Ed. 370; Voris v. Gulf-Tide Stevedores, Inc., 5 Cir., 211 F.2d 549; Terminal Shipping Co. v. Branham, D.C., 47 F.Supp. 561.
 
 
 7
 The judgment was right. It is affirmed.
 
 
 
 Notes:
 
 
 [1]
 D.C., 139 F.Supp. 568
 
 
 [2]
 Magnus T. Weber, claimant's husband, died on Aug. 23, 1950, allegedly from injuries suffered in the course of his employment as longshoreman by Charles Ferran & Co., Inc., at New Orleans, Louisiana. On Oct. 23, 1950, Mrs. Weber filed notice of election to sue a third party and instituted proceedings before respondent by the filing of a claim for any deficiency between the amount recovered in the third party action and the amount to which claimant and her child would be entitled under the Longshoremen's and Harbor Workers' Compensation Act. The third party suit, filed on Feb. 28, 1952, was subsequently dismissed by the court after arguments and briefs. Thereafter, when libellant sought to press her claim for deficiency compensation, the Deputy Commissioner ruled as stated above
 
 
 [3]
 33 U.S.C.A. § 933(f) reads:
 "If the person entitled to compensation or the representative elects to recover damages against such third person and notifies the Secretary of his election and institutes proceedings within the period prescribed in section 913 of this chapter, the employer shall be required to pay as compensation under this chapter a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person."
 33 U.S.C.A. § 933(d) reads:
 "Such employer on account of such assignment may either institute proceedings for the recovery of such damages or may compromise with such third person either without or after instituting such proceeding."
 33 U.S.C.A. § 913(a) reads:
 "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury, and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or such death occurred."
 
 
 [4]
 See Terminal Shipping Co. v. Branham, 47 F.Supp. 561, at page 570