**JOHN W. McGRATH CORPORATION,**
Employer-Plaintiff-Appellant,
and
Fidelity & Casualty Company of New York, Insurance Carrier-Plaintiff-Appellant,

v.

Thomas F. **HUGHES,** Deputy Commissioner, successor to John A. Willard in the Second Compensation District of the United States Department of Labor, Bureau of Employees' Compensation, Defendant-Appellee,
and
Rose D'Ornellas, Claimant, Defendant-Appellee.

No. 147, Docket 24967.

United States Court of Appeals Second Circuit.

Argued Jan. 21, 1959.

Decided March 2, 1959.

John M. Cunneen, New York City, for plaintiff-appellants.

Arthur H. Christy, U. S. Atty., Southern District of New York, New York City (Arthur V. Savage, Asst. U. S. Atty., New York City, Ward E. Boote, Asst. Solicitor, U. S. Dept. of Labor, Washington, D. C., of counsel), for defendant-appellee, Thomas F. Hughes, Deputy Commissioner.

Before WATERMAN and MOORE, Circuit Judges, and BYERS, District Judge.

WATERMAN, Circuit Judge.

Plaintiffs, an employer and an insurance carrier, sought to have the district court review and set aside a compensation order and an award of death benefits made pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., to the widow of a deceased employee. The court below granted the defendant Deputy Commissioner's motion for a summary judgment. Plaintiffs bring this appeal, contending, as they did below, that the Deputy Commissioner improperly found an injury arising out of and in the course of employment, 33 U.S.C.A. § 902(2) [1] occurring upon the navigable waters of the United States, 33 U.S.C.A. § 903(a).[2]

John D'Ornellas, the deceased, had been employed for a considerable period of time by McGrath Corporation, a stevedoring concern. On the date of the alleged injury he was working as a sweeper, having been given that job some three or four months previously when it became apparent that his diabetic condition prevented him from working safely as a stevedore. Rose D'Ornellas, widow of the deceased and claimant herein, testified that on either January 13 or 14,

---

**1.** "§ 902. Definitions
"When used in this chapter—
* * * * *
"(2) The term "injury" means accidential injury or death arising out of and in the course of employment, * * *".

**2.** "§ 903. Coverage
"(a) Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the navigable waters of the United States * * *".

1955 her husband had come home from work looking sick and complaining that he had been ordered to work on a lighter pulling the lighter with a line. He told her that following this pulling he suffered great pain in his chest and arm and had to stop work and rest. After staying in bed over the weekend he reported for work on Monday, January 17, and at about 8:45 A.M. on that day he collapsed. He was immediately taken to the hospital, where he was found to have suffered a myocardial infarction. He was discharged from the hospital on February 12, 1955, and three weeks later, on March 5, 1955, he died.

In an interview with plaintiffs' physician, Dr. Texon, on January 22, 1955, the deceased stated that he first felt the severe pain when he "was pulling a rope to help move a barge around the pier." Substantially the same statement was made by deceased in his claim for compensation dated February 15, 1955. His widow introduced at the hearing a written statement purportedly signed by one Kinnally, a dock boss for McGrath Corporation at the time of the accident, but who had died prior to the hearing, stating that it had been reported to Kinnally by workmen who were there at the time that D'Ornellas "had had a heart attack on a lighter at Pier 9 while he was hauling on a line." In opposition, plaintiffs presented uncontradicted testimony by four of the McGrath Corporation's supervisory employees to the effect that D'Ornellas had been told that he was to confine himself to sweeping and running errands, that he was not to go out on the dock when work was being done there, and that similar orders had been conveyed to the men in charge of the work on the dock. However, George Lucas, McGrath's terminal superintendent, one of these four witnesses, admitted on cross-examination that there was nothing unusual about having a stevedore aboard a lighter pulling a barge.

■■ Claimant's medical expert testified that if the alleged incident occurred it was his opinion that the incident was causally related to the ensuing disability and death. The Deputy Commissioner chose to believe this witness, and since the doctor's testimony was not "so inherently improbable that it was unworthy of belief as a matter of law" we do not disturb the Commissioner's finding that there was this causal relation. Gooding v. Willard, 2 Cir., 1954, 209 F.2d 913, 916. But we must still be satisfied that there was sufficient evidence, for the Deputy Commissioner properly to find that the alleged incident truly happened, arising out of and in the course of employment, 33 U.S.C.A. § 902(2), and occurring not on the dock but upon the navigable waters of the United States, 33 U.S.C.A. § 903(a); Johnston v. Marshall, 9 Cir., 1942, 128 F.2d 13, certiorari denied, 1942, 317 U.S. 629, 63 S.Ct. 44, 87 L.Ed. 508, rehearing denied, 1943, 318 U.S. 799, 62 S.Ct. 757, 87 L.Ed. 1163; cf. Jeffers v. Foundation Co., 2 Cir., 1936, 85 F.2d 24.

■ Sections 7 and 10 of the Administrative Procedure Act, 5 U.S.C.A. §§ 1006, 1009, define our scope of review in cases such as this, Gooding v. Willard, 2 Cir., 1954, 209 F.2d 913; and see O'Leary v. Brown-Pacific Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483. They provide that no administrative order should be issued unless it is supported by "substantial evidence." Evidence is "substantial" if it is the kind of evidence a reasonable mind might accept as adequate to support a conclusion. Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 477, 71 S.Ct. 456, 95 L.Ed. 456; Ellers v. Railroad Retirement Board, 2 Cir., 1943, 132 F.2d 636; National Labor Relations Board v. Remington Rand, 2 Cir., 1938, 94 F.2d 862, certiorari denied, 1938, 304 U.S. 576, 585, 58 S.Ct. 1046, 82 L.Ed. 1540, rehearing denied, 1938, 304 U.S. 590, 58 S.Ct. 1054, 82 L.Ed. 1549.

We cannot, as defendants seem to urge, consider the presumption in the Longshoremen's Act,[3] as having here the quality of independent affirmative evidence. We believe that plaintiffs offered sufficient proof to rebut that presumption and consequently it must fall out of the case. It cannot be weighed with defendants' evidence against plaintiffs' since "[i]ts only office is to control the result where there is an entire lack of competent evidence." Del Vecchio v. Bowers, 1935, 296 U.S. 280, 286, 56 S.Ct. 190, 193, 80 L.Ed. 229.

After examining the record as a whole we must affirm the decision below. Perhaps this is not the result we would have reached had the case come before us *de novo*, but that is unimportant. Universal Camera Corp. v. National Labor Relations Board, 1951, 340 U.S. 474, 488, 71 S.Ct. 456. Deceased told his wife that he was injured while standing on a lighter pulling a line under orders from a superior, and his statements to others were consistent therewith. The statement by Kinnally corroborates deceased's declarations. Additional corroboration, though perhaps to a lesser degree, can be found in the testimony of Rose D'Ornellas that deceased came home sick on the day of the alleged incident, Associated General Contractors v. Cardillo, 1939, 70 App.D.C. 303, 106 F.2d 327, and in the testimony of George Lucas that it was not unusual to have a stevedore aboard a lighter pulling a barge. On all the evidence we cannot say that the Deputy Commissioner committed error. Associated General Contractors v. Cardillo, supra; cf. Ellers v. Railroad Retirement Board, 2 Cir., 1943, 132 F.2d 636; National Labor Relations Board v. Service Wood Heel Co., 1 Cir., 1941, 124 F.2d 470.

Affirmed.

3. "§ 920. Presumptions
    "In any proceeding for the enforcement of a claim for compensation under this chapter it shall be presumed, in the absence of substantial evidence to the contrary—
    "(a) That the claim comes within the provisions of this chapter. * * *".