PHOENIX ASSURANCE COMPANY OF
NEW YORK et al., Appellants,

v.

Theodore BRITTON, Deputy Commissioner, District of Columbia Compensation District, Bureau of Employees' Compensation, Appellee.

No. 15941.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 21, 1960.

Decided April 6, 1961.

Mr. John A. Beck, Washington, D. C., for appellants. Mr. J. Harry Welch, Washington, D. C., also entered an appearance for appellants.

Mr. Herbert P. Miller, Asst. Sol., Dept. of Labor, with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and BAZELON and BURGER, Circuit Judges.

BAZELON, Circuit Judge.

This is an appeal from an order of the District Court, on cross motions, granting summary judgment for appellee and dismissing the suit of our appellants, an employer and its insurance carrier, to set aside a compensation order entered against them. These are the salient facts. The employer furnished Richard A. Williams, its employee herein, with a motor truck for full-time use in servicing and repairing household appliances in the homes of employer's customers and in transporting himself between his home and the employer's place of business. The employee's regular hours were from 8:15 a. m. until 5:05 p. m., but on occasions he was required to work overtime.[1] On March 10, 1959, after performing work orders in Virginia in a workmanlike manner, Williams left the home of the last customer "sometime after 6:00 p. m." According to the Deputy Commissioner's compensation order:

"* * * a few minutes after 11:00 p. m., the employer's truck, being operated by the employee, was observed proceeding in the general direction of his home at a point in the State of Virginia between the area wherein the employee performed services for the employer, as found above, and his said home; that at such time the employee was operating the said truck in an orderly manner and at a reasonable speed; that, thereafter, the employee continued to operate the said truck in an orderly manner and at a reasonable speed in the direction as found above for a distance of approximately two and one-half miles when, at a few minutes before 11:30 p. m. on the said day, the said truck crashed through the railing of a bridge over a ravine to the right of the direction in which it was proceeding, swerved to the left and ran through the opposite railing of the bridge and fell with the employee, as a consequence of which he sustained personal injury resulting in death on the same day * * *.

"That following the employee's death an examination of his blood by a physician showed it to contain alcohol, but that his injury and death were not occasioned solely by intoxication; that the employee was operating the employer's truck *on a direct route between the area in which he performed work duties for the employer and his home,* in a

---

1. The employer also permitted the employee to use the truck in getting to and from another employment during the night hours.

786

manner required of him by the employment, when he sustained the fatal injury; that the employee was not engaged in a frolic of his own at such time. [Emphasis supplied.]

"That the death of the employee arose out of and in the course of the employment."

Appellants attack the Deputy Commissioner's findings that Williams' death (1) arose out of and in the course of employment, and (2) was not occasioned solely by intoxication.

 Workmen Compensation laws are construed liberally in favor of injured employees and their dependents. Voris v. Eikel, 1953, 346 U.S. 328, 74 S.Ct. 88, 98 L.Ed. 5; Pillsbury v. United Engineering Co., 1952, 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225; Baltimore & Philadelphia Steamboat Co. v. Norton, 1932, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; Associated General Contractors of America v. Cardillo, 1939, 70 App.D.C. 303, 106 F.2d 327. This court also has held that doubts should be resolved in favor of the employee or his dependent family. Travelers Insurance Co. v. Donovan, 1955, 95 U.S.App.D.C. 331, 221 F.2d 886; Robinson v. Bradshaw, 1953, 92 U.S.App.D.C. 216, 206 F.2d 435, certiorari denied 1953, 346 U.S. 899, 74 S.Ct. 226, 98 L.Ed. 400. "If supported by evidence and not inconsistent with the law, the Deputy Commissioner's inference that an injury did or did not arise out of and in the course of employment is conclusive. No reviewing court can then set aside that inference because the opposite one is thought to be more reasonable; nor can the opposite inference be substituted by the court because of a belief that the one chosen by the Deputy Commissioner is factually questionable." Cardillo v. Liberty Mutual Ins. Co., 1947, 330 U.S. 469, 477–478, 67 S.Ct. 801, 806, 91 L.Ed. 1028; O'Leary v.

Brown-Pacific-Maxon, Inc., 1951, 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483.

 In light of our sharply limited review function, the present record affords no basis for disturbing the Deputy Commissioner's determination that Williams' death "arose out of and in the course of the employment." The Deputy Commissioner's finding that Williams' "injury and death were not occasioned *solely* by intoxication" (emphasis supplied) must also stand.[2] The evidence supports the Deputy Commissioner's finding that a complexity of factors entered into the cause of the accident.

Affirmed.

---

2. Under § 920 of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, (1927), 33 U.S.C.A. § 901 et seq., as made applicable to the District of Columbia by the Act of May 17, 1928, 45 Stat. 600, D.C.Code, § 36–501, 33 U.S.

C.A. § 903 note, "It shall be presumed, in the absence of substantial evidence to the contrary— * * *

"(c) That the injury was not occasioned *solely* by the intoxication of the injured employee." (Emphasis supplied.)