314 F.2d 285
 114 U.S.App.D.C. 280
 AMERICAN MERCURY INSURANCE COMPANY and Royal Indemnity
Company, Appellants,
v.
Theodore BRITTON, Deputy Commissioner, District of Columbia
Compensation District, Bureau of Employees
Compensation, Appellee.
 No. 17113.
 United States Court of Appeals District of Columbia Circuit.
 Argued Dec. 6, 1962.
Decided Feb. 21, 1963.
 
 Mr. Francis J. Ford, Washington, D.C., with whom Mr. Hugh Lynch, Jr., Washington, D.C., was on the brief, for appellants.
 Mr. Herbert P. Miller, Asst. Sol., Department of Labor, with whom Acting Asst. Atty. Gen., Joseph D. Guilfoyle, Messrs. David C. Acheson, United States Atty., Morton Hollander, Attorney, Department of Justice, and Charles Donahue, Sol., Department of Labor, were on the brief, for appellee.
 Before EDGERTON and BURGER, Circuit Judges, and BELL, Circuit Judge for the Fourth Circuit.[1]
 BELL, Circuit Judge.
 
 
 1
 The employer and its insurance carrier brought this action to set aside an award of the Deputy Commissioner of the District of Columbia Compensation District, Bureau of Employees' Compensation. The District Court granted the Commissioner's motion for summary judgment. We affirm the judgment of the District Court.
 
 
 2
 The ultimate issue before this court is whether the Deputy Commissioner's inference that the injury arose out of and in the course of employment is supported by substantial evidence on the record as a whole and is not inconsistent with the law. If so, it is binding on the courts, and this is true even though the inference be considered more legal than factual in nature. 'Such is the result of the statutory provision permitting the suspension or setting aside of compensation orders only 'if not in accordance with law." Cardillo v. Liberty Mutual Co., 330 U.S. 469, at page 478, 67 S.Ct. 801, at page 806, 91 L.Ed. 1028 (1947).
 
 
 3
 The deceased was employed about six months before his death as claims manager in the home office of the defendant employer in Washington, D.C. His home was in Pearl River, New York. From Monday through Friday he stayed in Washington, doing much of his work in his room in the evenings after he returned there from his office. The President of the employer insurance company testified that the office of claims manager had not existed before deceased was hired; that upon coming to work for the company he had taken over a large number of 'old files' from a firm of local attorneys which had theretofore handled the work, and that in addition to the current case load the deceased had simultaneously to familiarize himself with this large volume of work; that in order to do this work as required by his employer the deceased worked practically every evening both at his room and in his office with the knowledge and approval of his company, which did not consider the deceased's employment to be confined to normal office hours.
 
 
 4
 The Commissioner found that on the evening in question, the employee had worked in his office until about 9:00 p.m. and that shortly thereafter while he was walking from his office to his room carrying a brief case containing files on which he intended to work when he arrived at his room, he suffered the injury which resulted in his death, and that said injury arose out of and in the course of employment.
 
 
 5
 An examination of the record as a whole leads us to the conclusion that these findings are supported by substantial evidence. We find also that the Commissioner's conclusion that the injury arose out of and in the course of employment is consistent with the principles of Workmen's Compensation Law. While the general rule is that injuries occurring to employees travelling to and from their regular place of work are not deemed to arise out of and in the course of their employment, the instant case constitutes an exception in that here there was a consistent and recognized practice that some of deceased's services to the company were carried on in his room, and such being true, the Commissioner was justified in finding the injury to have arisen out of and in the course of the deceased's employment. Voehl v. Indemnity Insurance Co., 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676 (1933). We are unable to find a distinction of substance between the instant case and that of Proctor v. Hoage, 65 App.D.C. 153, 81 F.2d 555 (1935). Whether the agreement to do work at home is empress or implied by the course of business should make no difference in the result.
 
 
 6
 Affirmed.
 
 
 7
 BURGER, Circuit Judge, dissents.
 
 
 
 [1]
 Sitting by designation pursuant to Sec. 291(a), Title 28, U.S.Code