Charles **EINBINDER**, Deputy Commis-
sioner, U. S. Department of Labor, Bu-
reau of Employees' Compensation Dis-
trict, Appellant,

v.

**NOVINGER, INC.**, et al., Appellees.

No. 17471.

United States Court of Appeals
District of Columbia Circuit.

Argued April 3, 1963.

Decided May 29, 1963.

Mrs. Barbara Deutsch, Attorney, De-
partment of Justice, of the bar of the
Supreme Court of Connecticut, pro hac
vice, by special leave of court, with whom
Mr. Joseph D. Guilfoyle, Acting Asst.
Atty. Gen., at the time the brief was
filed, Messrs. David C. Acheson, U. S.
Atty., and Sherman L. Cohn, Attorney,
Department of Justice, were on the brief,
for appellant. Mr. Frank Q. Nebeker,
Asst. U. S. Atty., also entered an appear-
ance for appellant.

Mr. M. S. Mazzuchi, Washington, D. C.,
for appellees.

Before BAZELON, Chief Judge, and
FAHY and BURGER, Circuit Judges.

PER CURIAM.

 In this workmen's compensa-
tion case,[1] the District Court set aside
the Deputy Commissioner's award[2] sole-
ly on the ground that his findings were
unsupported by evidence.[3] Since the
District Court's review was confined to
the record before the Deputy Commis-
sioner, we are as well situated as the Dis-
trict Court to determine whether the
award is "in accordance with law." [4] Ac-
cordingly we have examined the record in
the light of the principles governing ju-
dicial review in workmen's compensation
cases[5] and conclude that there is suffi-

---

1. Longshoremen's and Harbor Workers'
 Compensation Act, 33 U.S.C. §§ 901 et
 seq., applicable in the District of Colum-
 bia under D.C.Code §§ 36–501 et seq.
 (1961).

2. See 33 U.S.C. § 921.

3. The District Court filed neither findings
 of fact and conclusions of law, nor an
 opinion. The reasons for setting aside

workmen's compensation awards should
be included in the record. And where,
as here, the court relies on a lack of
substantial evidence, it should at least
state which findings are unsupported.

4. 33 U.S.C. § 921(b).

5. Voris v. Eikel, 346 U.S. 328, 74 S.Ct. 88,
 98 L.Ed. 5 (1953); O'Leary v. Brown-
 Pacific-Maxon, 340 U.S. 504, 71 S.Ct.

cient evidence on the record as a whole to support the Deputy Commissioner's determination. The order below setting aside his determination is therefore

Reversed.

BURGER, Circuit Judge, dissents.

470, 95 L.Ed. 483 (1951); Cardillo v. Liberty Mutual Co., 330 U.S. 469, 67 S. Ct. 801, 91 L.Ed. 1028 (1947); Del Vecchio v. Bowers, 296 U.S. 280, 56 S.Ct. 190, 80 L.Ed. 229 (1935); American Mercury Ins. Co. v. Britton, 114 U.S.App. D.C. 280, 314 F.2d 285 (1963); Hancock v. Einbinder, 114 U.S.App.D.C. 67,

310 F.2d 872 (1962); Vincent v. Einbinder, 113 U.S.App.D.C. 246, 307 F.2d 387 (1962); United Painters & Decorators v. Britton, 112 U.S.App.D.C. 236, 301 F.2d 560 (1962); Phoenix Assurance Co. v. Britton, 110 U.S.App.D.C. 118, 289 F.2d 784 (1961).