**MOORE McCORMACK LINES, INC.** and Liberty Mutual Insurance Co., Plaintiffs,

v.

Arnold J. QUIGLEY, Deputy Commissioner, U. S. Employees' Compensation Commission, Second Compensation District, Defendant.

United States District Court
S. D. New York.
Dec. 9, 1959.

Albert P. Thill, Brooklyn, N. Y., for plaintiffs.

S. Hazard Gillespie, Jr., U. S. Atty., Southern District of New York, New York City. Robert L. Tofel, Asst. U. S. Atty., New York City, of counsel, for defendant.

METZNER, District Judge.

Plaintiffs move pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for summary judgment upon the ground that there is no genuine issue of any material fact. The defendant has cross-moved for similar relief.

The object of this action for an injunction is to review and set aside an order of the Deputy Commissioner, United States Department of Labor, awarding $10 a week to the claimant for partial disability since May 7, 1956 and to continue such payment until the disability shall have ceased or until otherwise ordered. Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, as amended, 33 U.S.C.A. § 901 et seq.

The claimant had worked for Moore McCormack Lines, Inc., for 12 to 13 years prior to sustaining an injury on March 2, 1956. Up until six months prior to the injury claimant had been engaged as a carpenter. At that time he was promoted from carpenter to carpenter snapper (foreman). After an operation to cure the injury claimant returned to work on May 6, 1956 and was assigned to the position he held at the time of the accident. He has been continuously employed in that position for some two and a half years down to the date of the hearing before the Deputy Commissioner on December 3, 1958. Claimant's average weekly wage on March 2, 1956, was $147. His average weekly wage since his return to work has been $165. The increase in wage is attributable to a contract between the union and the employer insofar as it affected this type of activity.

■■ Substantial evidence must appear on the record as a whole to support the award of the Deputy Commissioner, and the court may not retry the facts to determine how it would decide the matter if it were before the court *de novo*. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Cardillo v. Liberty Mutual Insurance Co., 330 U.S. 469, 67 S.

Ct. 801, 91 L.Ed. 1028; Gooding v. Willard, 2 Cir., 1954, 209 F.2d 913; John W. McGrath Corp. v. Hughes, 2 Cir., 1959, 264 F.2d 314, certiorari denied 360 U.S. 931, 79 S.Ct. 1451, 3 L. Ed.2d 1545. Mindful of these guidelines, I have examined the entire record carefully and find it barren of any evidence to sustain the findings that the claimant's wage-earning capacity has been reduced to $132 a week.

The statute provides that:

" 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." 33 U.S. C.A. § 902(10).

In the case of permanent partial disability as found in this proceeding, the claimant is entitled to two-thirds "of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, * * *." 33 U.S.C.A. § 908 (c) (21). Claimant's own testimony on the hearing for compensation was to the effect that as a carpenter snapper he had helpers who did the heavy work and that occasionally if they were shorthanded he moved the lumber himself. However, they have more helpers now so that even the occasions for doing heavy lifting are less than before the accident. He claims that when he bends and does heavy lifting his back bothers him. The doctor who testified on behalf of the claimant was not the treatment doctor. He stated that his findings of "mild partial disability" are based simply on the fact that the claimant had surgery performed. In the doctor's opinion the claimant presents a case of mild partial disability and:

"Regardless of the fact that he has made an excellent recovery following removal of a disc, there are still sufficient residuals which could potentially prevent him from doing excessive weightlifting or back bending. There is no indication for medical care. He can continue with his present work."

On this state of the record, without even adverting to any of plaintiffs' medical testimony, the findings of the Deputy Commissioner with regard to the claimant's wage-earning capacity are unsupported by substantial evidence.

In United Fruit Co. v. Cardillo, D. C.S.D.N.Y.1952, 104 F.Supp. 81, the claimant upon return to work was given lighter employment, although paid the salary called for by his prior duties as a longshoreman. Further, in that case there was evidence that he earned less after the injury than he did before his injury. The court remanded the matter to the Deputy Commissioner for further testimony and findings on the ground that there was no evidence in the record of decreased earning capacity of $30 per week. The United Fruit Co. case and the instant case are similar for this reason, but this case is even stronger against the claimant because he returned to his regular employment and has performed his duties for several years with no diminution in earnings. In the United Fruit Co. case the employer as a matter of favor rehired the claimant to perform lighter duties which ordinarily would carry less remuneration, but nevertheless paid the higher rate of wage.

The case of Lumber Mutual Casualty Insurance Co. v. O'Keeffe, 2 Cir., 1954, 217 F.2d 720, is distinguishable because there the court found that the claimant was forced during the period to do mostly light work, which was possible through the cooperation of a fellow workman, and that the claimant was forced to quit work frequently because of his injury.

Defendant here takes the position that the normal occupation of the claimant should be considered as carpenter and not as carpenter snapper. As a carpenter, claimant would be required to do heavy lifting. However, this totally disregards the fact that claimant was advanced in a perfectly normal way to a higher position some months prior to the injury and has continued in that employment for over two and a half years since the injury. In view of this, it would appear that the question of claimant's wage-earning capacity must be determined by his normal duties at the time of injury.

The statute is clear that actual earnings after disability are not the measuring rod of wage-earning capacity (33 U.S.C.A. § 908(h) ), but such wages must be taken into consideration in reaching the ultimate determination. Candado Stevedoring Corp. v. Locke, 2 Cir., 1933, 63 F.2d 802; Lumber Mutual Casualty Insurance Co. v. O'Keeffe, supra.

There is no showing in this record at the present time that the claimant has suffered a partial permanent disability resulting in any diminution in his wage-earning capacity. Following the decision of United Fruit Co. v. Cardillo, supra, the matter is remanded to the Deputy Commissioner for further testimony and findings. Settle order.