**JOHN W. McGRATH CORPORATION,**
Employer-Plaintiff-Appellant,
and
The Fidelity and Casualty Company of New York, Insurance Carrier-Plaintiff-Appellant,

v.

Thomas F. HUGHES, Deputy Commissioner, United States Department of Labor, Bureau of Employees' Compensation, Second Compensation District and Luka Mezich, Defendants-Appellees.

No. 299, Docket 26725.

United States Court of Appeals
Second Circuit.

Argued March 8, 1961.
Decided April 10, 1961.

**404**

Joseph Dean Edwards, New York City, for plaintiffs-appellants.

Morton S. Robson, U. S. Atty., Southern District of New York, New York City (Franklin G. Lehmeier, Burton M. Fine, Asst. U. S. Attys., New York City, of counsel), for defendant-appellee Hughes.

Before LUMBARD, Chief Judge, and WATERMAN and FRIENDLY, Circuit Judges.

WATERMAN, Circuit Judge.

Plaintiff-appellants, John W. McGrath Corporation, employer, and The Fidelity and Casualty Company of New York, its compensation insurance carrier, sought to have the district court review and set aside a compensation order made pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., to Luka Mezich, the complainant. Both parties moved for summary judgment. Judge Metzner denied the plaintiffs' motion and granted summary judgment to the defendants. Plaintiffs bring this appeal, contending, as they did below, that the Deputy Commissioner's finding that the claimant was "permanently, totally incapacitated from engaging in gainful employment" is not supported by substantial evidence.

The award made by the Deputy Commissioner with which appellants take issue is the third made to the claimant as a result of a back injury he sustained on March 23, 1953 while engaged as a longshoreman in the employ of John W. McGrath Corporation. The two prior awards compensated claimant for "temporary total, temporary partial and permanent partial disability" arising from the injury. Appellants did not contest these awards and thereby conceded that the injury occurred and admitted responsibility to the claimant under the Longshoremen's and Harbor Workers' Act. Their sole contention is that the Deputy Commissioner erred in holding that the claimant is permanently totally disabled, and they seek to have this third award set aside.

We are of the opinion that the lower court reached a proper result, since the Commissioner's award was supported by substantial evidence.

■ The claimant is 63 years of age. He is an immigrant from Yugoslavia whose complete education consists of three years in the Yugoslavian public schools as a child. He cannot read or write English, and, as demonstrated by the record of his testimony before the Deputy Commissioner, he speaks the language poorly. His work experience prior and subsequent to his arrival in the United States has been confined to heavy manual labor as a farmer, fisherman, longshoreman and unskilled laborer. Claimant and his daughter testified that the only job he had undertaken since his injury was that of a superintendent of a five floor walkup apartment house in Brooklyn. He was able to be so employed because his wife and daughter performed the heavy custodial labor. He was forced to quit after his daughter married and she was no longer able to be of assistance to him. He and his daughter testified that the reason he could not work was the intense and constant pain he experienced in his lower back. This testimony was supported by a Dr. Rosen, the medical expert who appeared at the claimant's request. Dr. Rosen testified that in his opinion the claimant was not now and never would be capable of performing any physical work and that this condition resulted from a traumatic low back derangement sustained in the lumbosacral region when claimant was injured. A Dr. Rizzo, a medical expert who testified for the appellants, contradicted Dr.

Rosen's testimony. Dr. Rizzo implied that the claimant was malingering and was capable of working if he chose to do so. This expert further attributed any continuing pain in the claimant's lower back to a congenital condition rather than to the consequences of the trauma suffered on March 23, 1953. Dr Rosen had testified with respect to this congenital condition but had stated as his opinion that, although its presence may have contributed to the disablement resulting from the trauma, the congenital condition alone would not have been disabling.

33 U.S.C.A. § 902(10) defines "disability" as an "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." We think this definition clearly imposes upon the Deputy Commissioner and the reviewing courts the duty to evaluate the extent of a claimant's disability in economic rather than medical terms. Eastern S. S. Lines, Inc. v. Monahan, 1 Cir., 1940, 110 F.2d 840. Such an evaluation necessarily depends upon "age, experience, education, mentality and capabilities" in addition to the extent of the physical injury. Employers Liability Assurance Corp. v. Hughes, D. C.S.D.N.Y.1959, 188 F.Supp. 623, 624. A person may be permanently totally disabled in an economic sense and still be ambulatory. The Commissioner properly found this case to be such a case. In so doing he necessarily resolved the dispute in the testimony of the medical experts in favor of the claimant.[1] This resolution was supported by the non-expert testimony of the claimant and his daughter, and was not so inherently improbable that it was unworthy of belief as a matter of law. Therefore, we must respect the Deputy Commissioner's evaluation of the credibility of all the witnesses, including the two medical men. Gooding v. Willard, 2 Cir., 1954, 209 F.2d 913.

Moreover, the evidence presented to support the result reached by the Deputy Commissioner was "substantial," in that it was "the kind of evidence a reasonable mind might accept * * * to support a conclusion." John W. McGrath v. Hughes, 2 Cir., 264 F.2d 314, 316, certiorari denied, 1959, 360 U.S. 931, 79 S. Ct. 1451, 3 L.Ed.2d 1545. See Universal Camera Corp. v. N. L. R. B., 1951, 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

Affirmed.

[1]. The fact that a congenital condition may contribute to the gravity of the injury does not affect a claimant's right to recover under the Act. Grain Handling Co. v. Sweeney, 2 Cir., 102 F.2d 464, certiorari denied, 1939, 308 U.S. 570, 60 S.Ct. 83, 84 L.Ed. 478; Brown-Pacific Maxon Co. v. Cardillo, D.C.S.D.N.Y.1950, 91 F. Supp. 968.