**BETHLEHEM STEEL COMPANY, IN-
CORPORATED, SHIPBUILDING DIVI-
SION, Employer and Self Insurer**

v.

**John P. TRAYNOR, Deputy Commission-
er, U. S. Department of Labor,
and
David R. Utley.**

**Adm. No. 4708.**

United States District Court
D. Maryland.

Jan. 20, 1965.

Jesse Slingluff and Joseph H. Young, Baltimore, Md., for Bethlehem Steel Co.

Thomas J. Kenney, U. S. Atty., and Roger C. Duncan, Asst. U. S. Atty., Baltimore, Md., and George Lilly, Atty., Dept. of Labor, Washington, D. C., for John P. Traynor.

Amos I. Meyers, Baltimore, Md., for David R. Utley.

THOMSEN, Chief Judge.

This is one of a series of cases in which employers and carriers have objected to awards of compensation for *temporary partial* disability where they claim the evidence shows either *permanent partial* disability or no disability at all. There has been little or no discussion in this district or elsewhere of the circumstances which justify an award for temporary partial disability under 33 U.S.C.A. § 908(e). Until recently few such awards were made in this district; the deputy commissioners customarily made awards for *permanent partial* disability immediately following the period of *temporary total* disability.

The parties are agreed that the following statement from a Maryland case is applicable to the Federal Act:

> " 'Temporary, as distinguished from permanent, disability, under the Workmen's Compensation Act, is a condition that exists until the injured workman is as far restored as the permanent character of the injuries will permit.' " Jackson v. Bethlehem-Fairfield Shipyard, 185 Md. 335, 339, 44 A.2d 811, 812 (1945).

Sec. 908(e) cannot be read to mean that an award for temporary partial disability after the healing period has ended and the employee has returned to work may increase the amount of the award for permanent partial disability under sec. 908(c). A period of temporary partial disability, like a period of temporary total disability, should not extend beyond the time when the disability has become permanent. There is little difficulty in applying this principle in cases involving the scheduled disabilities covered by sec. 908(c) (1) to (20); the real difficulty arises in those cases involving back injuries and other disabilities which fall within the "other cases" provision, sec. 908(c) (21). Commissioners should allow adequate awards to men with disabling back injuries, but should be careful not to encourage exaggerated claims based on pre-existing conditions which have been aggravated only slightly or temporarily or not at all by minor injuries. Much must be left to the common sense and judgment of the commissioners.

Neither under 908(c) (21)—permanent partial, other cases, nor under 908(e)—temporary partial, do the employee's actual earnings after he returns to work conclusively prove his wage-earning capacity. Travelers Insurance Co. v. McLellan, 2 Cir., 288 F.2d 250 (1961); Moore McCormack Lines, Inc. v. Quigley, S.D.N.Y., 178 F.Supp. 837 (1959). Sec. 33 U.S.C.A. 908(h).[1] The employer may be willing to allow the

---

1. § 908(h) "The wage-earning capacity of an injured employee in cases of partial disability under subdivision (c) (21) of this section or under subdivision (e) of this section shall be determined by his actual earnings if such actual earnings fairly and reasonably represent his wage-earning capacity: *Provided, however,* That if the employee has no actual earnings or his actual earnings do not fairly and reasonably represent his wage-earning capacity, the deputy commissioner may, in the interest of justice, fix such wage-earning capacity as shall be reasonable, having due regard to the nature of his injury, the degree of physical impairment, his usual employment, and any other factors or circumstances in the case which may affect his capacity to earn wages in his disabled condition, including the effect of disability as it may naturally extend into the future."

claimant to return to his old job although the claimant is unable to do all of the work connected therewith and would be handicapped in obtaining another job by his disability. On the other hand, the claimant may be earning less than he did before the accident not because of any disability resulting from the accident but because of economic conditions or some infirmity not caused or aggravated by the injury.

In the instant case the injury was slight, a contusion and sprain of the low back, which aggravated a pre-existing but non-disabling arthritic process in the lumbar spine. It is not clear whether the aggravation was permanent or, as is sometimes the case, temporary, causing a temporary flare-up which subsides leaving the original arthritis substantially as it had been. Claimant was off work from September 18, 1963, the day after the accident, until October 11, 1963; he returned to work on October 14, but was assigned to duties as a laborer and not as a labor supervisor because of a shortage of work at the yard. The deputy commissioner found that the new job required less physical dexterity and less bodily movement than the work he was doing at the time of his injury,[2] but there is no substantial evidence that claimant would have been disabled in any way from handling the supervisory job if it had been available.

The economic conditions at the employer's plant became worse; claimant was laid off on November 17, 1963, for economic reasons, and was not called back until January 31, 1964. He worked about a week between January 31 and February 21, when his employment was again terminated for economic reasons. Sometime after November 15 he had obtained two jobs as a waiter, which together netted him $83.76 a week, as against the $126.42 he was making in his supervisory job and the $90.00 he was paid as a laborer.

On June 12, 1964, the deputy commissioner made an award for temporary total disability from September 18, 1963, to October 11, 1963, and a continuing award for temporary partial disability from October 12, 1963, "at the rate of $30.95 per week (two-thirds of the difference between the average weekly wage of $126.42 at the time of his injury and his present earning capacity of $80.00 per week)."

■■ This Court finds that there is no substantial evidence in the record, taken as a whole, to sustain the finding that on June 12, 1964, or at any time after October 14, 1963, claimant's earning capacity had been reduced to $80.00 per week, as a result of his injury. Indeed there is no evidence that his earning capacity has been reduced by as much as $46.42 per week for any reason or combination of reasons. The evidence is clear that all or part of the reduction in claimant's earnings has been due either to economic conditions at the employer's plant or to claimant's satisfaction with his present jobs as a waiter, or to both. Claimant has had two years of college, and many jobs are open to him. His own doctor testified that he had a 10% *permanent partial* disability of the back as a result of the injury, which he conceded was "rather a minimal disability evaluation." The employer's doctors found no objective evidence of disability and felt that claimant could return to his regular work. There was no evidence and no finding that claimant had not reached his maximum improvement from the injury before June 12, 1964.

The award must be vacated and the case remanded to the deputy commissioner for reconsideration in the light of this opinion. Additional evidence may be received. If the deputy commissioner finds that claimant had reached his maximum improvement and that the healing period had ended by October 14, 1963, he should make no award for temporary partial disability; if he finds that claimant

---

2. There is little or no evidence to support this finding, except that the supervisory job required claimant to climb ladders from time to time.

reached his maximum improvement at some time thereafter, he should make an award for temporary partial disability to such date; if he finds any permanent partial disability, he may make an appropriate award under sec. 908(c) (21); and if he finds from the evidence that the claimant has not yet reached his maximum improvement, i. e., that the so-called healing period is still continuing, he may of course make a continuing award for temporary partial disability.

One point remains. The employer objects to the amount of the fee allowed counsel for claimant. It has a right to do so. The deputy commissioner should reconsider the amount of the fee in the light of the principles stated by this Court in Hillman v. O'Hearne, D. Md., 129 F.Supp. 217 (1955).