INDEPENDENT STEVEDORE COMPANY et al., Appellants,

v.

J. J. O'LEARY, Deputy Commissioner, Bureau of Employees' Compensation, Department of Labor, Appellee.

No. 20198.

United States Court of Appeals
Ninth Circuit.

March 3, 1966.

Gray, Fredrickson & Heath, Nathan J. Heath, Portland, Or., for appellant.

Sidney I. Lezak, U. S. Atty., Portland, Ore., John W. Douglas, Asst. Atty. Gen., Morton Hollander, Lawrence R. Schneider, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BARNES, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge.

This is an appeal from a judgment of the district court in a proceeding under section 21(b) of the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1436 (1927), 33 U.S.C.A. § 921(b), sustaining a deputy commissioner's compensation award.

The record discloses that until 1951 or 1952 the employee performed hard work without physical difficulty as a sailor, logger, pile driver, carpenter, and longshoreman. In 1951 or 1952 he hurt his back while longshoring for appellant Independent Stevedore Company. In the years that followed, his condition was aggravated by other back injuries which he sustained while longshoring for Independent. On May 26, 1957, while still employed by Independent, he was disabled by a further back injury while moving timber on a cargo vessel. He has not worked since.

Appellants recognized the work-connected nature of the employee's disability, paying medical expense plus compensation for temporary total disability from May 26, 1957, to July 5, 1960. During this period, on February 25, 1958, the employee submitted to a spinal fusion. Following the operation, the employee wore a chair brace for three months and took heat treatments, but his condition continued to worsen. His physician informed him that he would be unable to work as a longshoreman again. He then filed a claim for permanent partial disability, based on the May 26, 1957, accident. In October 1960 appellants settled this claim by paying the employee additional compensation. The employee's back difficulty continued, culminating in an acute attack accompanied by a temporary paralysis. He then filed the pres-

ent claim for permanent total disability, which the deputy commissioner allowed.

Appellants concede the employee's permanent total disability, but contend that the record does not support the deputy commissioner's conclusion that it was causally related to the employee's May 26, 1957 accident.

The deputy commissioner reached his conclusion in two steps. First, he found that as a result of the May 26, 1957, accident, the employee "suffered an acute lumbosacral strain which necessitated a spinal fusion from the 4th lumbar to the 1st sacral vertebraes on February 25, 1958." Second, he found "that as a result of the surgical operation on February 25, 1958, associated with pre-existing osteo-arthritic changes in the lumbo-sacral spine the disability of the claimant herein became permanent and total in character."

■ Appellants attack the first finding on the ground that no witness testified directly that the operation and the accident were related. But the lack of such direct testimony is not controlling. The deputy commissioner may infer a causal relationship from the general circumstances. Todd Shipyards Corp. v. Donovan, 300 F.2d 741 (5th Cir. 1962); Hampton Roads Stevedoring Corp. v. O'Hearne, 184 F.2d 76, 78 (4th Cir. 1950). See also Sentilles v. Inter-Caribbean Shipping Corp., 361 U.S. 107, 109, 80 S.Ct. 173, 175, 4 L.Ed.2d 142 (1959), where the Court said: "The jury's power to draw the inference that the aggravation of petitioner's tubercular condition, evident so shortly after the accident, was in fact caused by that accident, was not

impaired by the failure of any medical witness to testify that it was in fact the cause." We have sustained a deputy commissioner's inference of causal relationship from general circumstances even where the only direct evidence on the issue was a statement of medical opinion that no causal relationship existed. Crescent Wharf & Warehouse Co. v. Cyr, 200 F.2d 633, 637 (9th Cir. 1952).

■ As noted, the employee performed heavy work up to May 26, 1957, the day of the last injury. He ceased work immediately and remained totally disabled for nine consecutive months, at which time he submitted to a spinal fusion. These facts afforded a sufficient basis for the deputy commissioner's inference that the accident and the operation were related, particularly where, as here, there was no direct testimony to the contrary.

■ The deputy commissioner's second finding—that the employee's total disability resulted from "the surgical operation on February 25, 1958, associated with pre-existing osteo-arthritic changes in the lumbo-sacral spine—" was also a permissible inference from the record. It was supported both by the unbroken sequence of events from accident to surgery to permanent total disability, and by the medical evidence.[1]

■■ While it is true that a doctor testified that only forty per cent of the employee's total disability was due to the spinal fusion, the fact that the fusion was not the sole cause of the disability is irrelevant. "It is well settled in compensation law that it is sufficient to justify an award if the accident was only a concurring cause * * *." Old Domin-

---

1. A doctor testified that "This man's generalized muscular weakness, *secondary to his surgical procedures* for an unstable and chronic lumbar sprain, associated with osteoarthritic aching processes of the same joints, has practically incapacitated him" (emphasis added). This testimony specifically identifies the spinal fusion as a contributory cause of claimant's disability. The testimony of another doctor was similar. "He had had a fusion; this contributed a great deal to it, but all of this, I am sure, was the breaking point

to throw him off to give him his total time off." Asked what effect the fusion had on the rest of claimant's back, the doctor answer, "I think the fusion had a great deal to do with the rest of it, truly, in that that low back segment, when it is stabilized, when it is fused, has pain that disappears, because there is no motion and it throws any motion on the back above that level." "The fusion," he said, places an "extra load" on "the other part of the back."

ion Stevedoring Corp. v. O'Hearne, 218 F.2d 651, 653 (4th Cir. 1955). See also John W. McGrath Corp. v. Hughes, 289 F.2d 403 (2d Cir. 1961); Hampton Roads Stevedoring Corp. v. O'Hearne, 184 F.2d 76, 78 (4th Cir. 1950). It is enough if the accident "aggravated, accelerated, or combined with the disease or infirmity to produce the death or disability for which compensation is sought" (1 Larson, Workmen's Compensation Law § 12.20 p. 192.23), and "the relative contribution of the accident and the prior disease is not weighed." 1 Larson, supra, pp. 192.48–.49.

 Appellants contend that the natural progression of the employee's arthritis would have resulted in total disability even if the accident (and fusion) had not occurred at all; and therefore, appellant's contend, the accident and fusion cannot be said to be related to the employee's permanent disability. But there was testimony that the fusion *accelerated* the employee's total disability, possibly by as much as five years. The law is clear that for purposes of compensation liability to hasten death or disability is to cause it. Friend v. Britton, 95 U.S.App.D.C. 139, 220 F.2d 820, 823 (D.C.Cir. 1955); 1 Larson, supra § 12.-30 p. 192.49. If an employee is incapacitated from earning wages by an employment injury which accelerates a condition which would ultimately have become incapacitating in any event, the employee is incapacitated "because of" the employment injury, and the resulting "disability" is compensable under the Act. 44 Stat. 1425 (1927), 44 Stat. 1427, 33 U.S.C.A. §§ 902(10), 908.

The Arizona Supreme Court recently applied this principle of compensation law to facts similar to those of the present case in Schreven v. Industrial Comm., 96 Ariz. 143, 393 P.2d 150 (1964). The claimant, who had a congenital back deformity, sustained a lumbo-sacral strain in an employment accident, and was disabled. A doctor testified that the injury had "triggered" the claimant's disability, but "the back strain did not worsen the congenital abnormality" and "because of

this defect petitioner would have reached the point where he was disabled from heavy work even if this injury had not taken place." 393 P.2d at 152. The Arizona Industrial Commission denied compensation for permanent disability; the Supreme Court of Arizona reversed. The medical testimony, the court said, was "that the injury did not medically cause the spinal condition but that it did bring on the symptoms earlier than would have been anticipated." "Therefore," the court concluded, "legally, the injury was the proximate cause of the disability." 393 P.2d at 152.

The judgment is affirmed.

BARNES, Circuit Judge, concurs in the result.