**Earl M. OWENS**

v.

**John P. TRAYNOR, Deputy Commissioner, U. S. Department of Labor, and Bethlehem Steel Company.**

**Admiralty No. 4810.**

United States District Court
D. Maryland.

Nov. 29, 1966.

Supplementary Opinion and Order
Oct. 27, 1967.

Joseph F. Lentz, Jr., Baltimore, Md., for complainant.

Thomas J. Kenney, U. S. Atty., and Arthur K. Crocker, Asst. U. S. Atty., Baltimore, Md., for Deputy Commissioner.

Joseph H. Young, Baltimore, Md., for Bethlehem Steel Co.

THOMSEN, Chief Judge.

This is a proceeding under 33 U.S.C.A. § 921 to review an order entered on 11 March 1965.

At all pertinent times claimant has been employed by Bethlehem Steel Sparrows Point Yard as a test engineer. His duties require relatively light physical activity, such as standing, occasionally climbing ships' ladders, and using small instruments to take readings on the machinery being tested. He does not operate the machinery.

In June 1961, while carrying an instrument weighing 80 lbs., claimant slipped and fell to the deck of a vessel, causing an injury which produced only trivial initial symptoms, but resulted in a herniation of the fourth lumbar intervertebral disc, which required a bilateral lumbar dissectomy in September 1962. In December 1963 claimant received an award of compensation for temporary total disability from 27 September 1962 to 23 November 1962; the order concluded with the statement that "the matter is hereby continued for consideration of further disability". That order was affirmed by this Court on 27 August 1964, in a proceeding brought by the employer.

Meanwhile claimant had returned to his regular work, which he was able to perform satisfactorily. His average weekly earnings increased from $139.75 at the time of the accident in 1961 to $169.00 in February 1965, when an additional hearing was held to consider the possibility of an award for permanent partial disability. After that hearing the Deputy Commissioner entered the order of 11 March 1965, now under review, holding:

## "FINDINGS OF FACT

"That as a result of the injury and subsequent surgery claimant has sustained a 25% anatomical impairment of his back; that following his return to work for the above employer in November 1962 claimant engaged in essentially the same employment activities as a test engineer that he had engaged in prior to his injury of 6 June or 9 June 1961; that his earnings in said employment subsequent to his return to work in November 1962 have been greater than his earnings prior to injury; that he has experienced pain and physical difficulty in performing some of his employment activities subsequent to his return to work in November 1962; that claimant has considerable specialized experience and training in the occupational field of test engineer, which he has engaged in both prior and subsequent to the injury; that the work activity claimant performs is essentially light in nature and that up to the present time he has demonstrated a capability of performing all the tasks connected therewith, even though some of these tasks have resulted in pain and difficulty upon performance of same; that claimant has not up to the present time demonstrated that he has sustained any injury-related loss of wage-earning capacity subsequent to his return to work in November 1962; that claimant has sustained a serious anatomical impairment of his back as a result of the injury and subsequent surgery, and there exists a reasonable probability that his injury-related condition may worsen.

## "DETERMINATION

"Upon the foregoing facts it is ordered by the Deputy Commissioner:

"(1) That the claim for permanent partial compensation benefits commencing 26 November 1962 is hereby R E J E C T E D, since claimant has not up to the present time demonstrated that he has sustained any partial loss of wage-earning capacity as a result of his injury-related condition;

"(2) That the matter is hereby continued for consideration of further disability."

Claimant seeks review of that order on the grounds that the findings of the Deputy Commissioner are not supported by substantial evidence and are not in accordance with the law, in that

(1) there is no substantial evidence to support the finding that claimant has not demonstrated a loss of wage-earning capacity as a result of his injury, and (2) the Deputy Commissioner does not have the power to continue the matter for further consideration.

The employer takes the position that the findings of fact and determination paragraph (1) are proper, and that determination paragraph (2) is either proper or surplusage, depending upon how that paragraph is construed.

■ Reviewing an order, the Court must determine whether the Deputy Commissioner has properly construed the statute, if such a question is presented. In most cases, however, the only or principal issue is whether there is substantial evidence in the record as a whole to support the findings and conclusions. O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc., 380 U.S. 359, 85 S.Ct. 1012, 13 L.Ed.2d 895 (1965). The first question to be decided in this case is whether the record sustains the determination of the Deputy Commissioner that claimant has not demonstrated that he has sustained any partial loss of wage-earning capacity as a result of his injury-related condition.

Section 908(c) deals with compensation for permanent partial disability. Paragraphs (1) to (20) of section 908(c) set out a schedule of compensation for specified disabilities. Paragraph (21) provides:

"Other cases: In all other cases in this class of disability the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the deputy commissioner on his own motion or upon application of any party in interest."

"Disability" is defined by section 902 (10) as follows:

" 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment."

■ As this Court noted in Miller v. O'Hearne, D.Md., 181 F.Supp. 105, 107 (1960): "The statute with which we are dealing does not permit the award of compensation for permanent partial disability, aside from scheduled disabilities provided for in sec. 908(c) (1) to (20), unless there has been some loss of wage-earning capacity. Sec. 908(c) (21) and (h)."

Section 908(h) provides:

"The wage-earning capacity of an injured employee in cases of partial disability under subdivision (c)(21) of this section or under subdivision (e) of this section shall be determined by his actual earnings if such actual earnings fairly and reasonably represent his wage-earning capacity. *Provided, however,* That if the employee has no actual earnings or his actual earnings do not fairly and reasonably represent his wage-earning capacity, the deputy commissioner may, in the interest of justice, fix such wage-earning capacity as shall be reasonable, having due regard to the nature of his injury, the degree of physical impairment, his usual employment, and any other factors or circumstances in the case which may affect his capacity to earn wages in his disabled condition, including the effect of disability as it may naturally extend into the future."

■ It is true that an employee's actual earnings after he returns to work do not conclusively prove his wage-earning capacity. The employer may be willing to allow the claimant to return to his old job although the claimant is unable to do all of the work connected therewith and would be handicapped in obtaining another job by his disability. On the other hand, the claimant may be

earning less than he did before the accident not because of any disability resulting from the accident but because of economic conditions or some infirmity not caused or aggravated by the injury. John W. McGrath Corp. v. Hughes, 2 Cir., 289 F.2d 403 (1961); Bethlehem Steel Co., Inc., Shipbuilding Div. v. Traynor, D.Md., 239 F.Supp. 749 (1965), and cases cited at pp. 750–751.

■ In the instant case there is substantial evidence to support the conclusion that claimant has not shown that his current wages do not accurately reflect his wage-earning capacity; the record clearly shows that claimant has been "earning", his increased wages. As he himself testified at the hearing, his duties involve brain rather than brawn, and he has "never turned down five minutes' worth of work".[1]

■ Claimant contends that the Deputy Commissioner was bound to make an award because he found "anatomical impairment" and a "reasonable probability that the condition may worsen". But a Deputy Commissioner is not required or authorized to make such an award under sec. 908(c)(21) merely because there is some anatomical impairment. Anatomical impairment and industrial disability must be distinguished. Section 902(10) defines "disability" as an "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment". As the Second Circuit said in John W. McGrath Corp. v. Hughes, 289 F.2d at 405, "[T]his definition clearly imposes upon the Deputy Commissioner and the reviewing courts the duty to evaluate the extent of a claimant's disability in economic rather than medical terms."

■ The determination of the Deputy Commissioner that claimant "has not up to the present time demonstrated that he has sustained any partial loss of wage-earning capacity as a result of his injury-related condition" is supported by substantial evidence, and would ordinarily require that the order denying compensation for permanent partial disability be affirmed. In this case, however, that determination was coupled with determination paragraph (2): "That the matter is hereby continued for consideration of further disability". The construction and validity of the latter paragraph must be considered in the light of section 922, which provides in pertinent part:

> "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, or at any time prior to one year after the rejection of a claim, review a compensation case in accordance with the procedure prescribed in respect of claims in section 919 of this title, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation. * * *"

If determination paragraph (1) stood alone, unaccompanied by paragraph (2), it would be clear that the Deputy Commissioner intended to reject the claim for permanent partial disability because he concluded that claimant had not met the burden of showing that he had sustained *any* loss of wage-earning capacity. But paragraph (2) apparently seeks to keep the matter open for an indefinite or unspecified period, and may or may not have been intended to qualify the determination made in paragraph (1).

(A) If the Deputy Commissioner meant that claimant had not met the burden of showing that he had sustained *any* loss of wage-earning capacity, but

---

1. Moreover, he has been engaging in his customary avocations, including golf, albeit with some pain.

that facts might develop *within* the one year limitation period which would show either a change in conditions or a mistake in a determination of fact, the order would be proper and should be affirmed. Paragraph (2) would then be surplusage, since it would state the effect of section 922.

(B) If the Deputy Commissioner meant that claimant had not met the burden of showing that he had sustained *any* loss of wage-earning capacity, but that if facts showing either a change in conditions or a mistake in a determination of fact should develop or be brought to his attention *after* the expiration of the one year period, he might then make an award, paragraph (2) so construed would not be authorized by the statute; but the rejection of the claim for permanent partial disability would be required by the statute and should be affirmed.

(C) If the Deputy Commissioner meant that claimant probably has sustained some loss of wage-earning capacity which cannot be determined with accuracy at this time but which might be determined with accuracy more than one year in the future, a difficult problem would be presented. If, under those circumstances sections 908(c)(21) and 922 should be construed to require a disallowance of any compensation for permanent partial disability at this time and no right to reopen and make an award after expiration of the limitation period of one year, even though a serious loss of wage-earning capacity due to the injury should thereafter be demonstrable, the result would be unfair to claimant. On the other hand, if those sections should be construed to permit a substantial award for permanent partial disability at this time based upon speculation as to what may happen in the future, even though no loss of wage-earning capacity has yet been shown, the result would be unfair to the employer.

The case will be remanded to the Deputy Commissioner, so that he can indicate clearly whether he meant (A),

(B) or (C), above, or whether he meant something else. If he meant (A) or (B), he should again reject the claim, and the right to reopen will be controlled by the provisions of section 922. If he meant (C), he should state under what section he considers he has the right to order that the matter be "continued for consideration of further disability", as provided in paragraph (2) of the Determination. If he meant something other than (A), (B) or (C), he should state his findings and conclusions and dispose of the case as those findings and conclusions dictate.

SUPPLEMENTARY OPINION AND ORDER FILED OCTOBER 27, 1967

Pursuant to the opinion filed herein on November 29, 1966, the Deputy Commissioner entered an order, dated April 21, 1967, wherein, after appropriate recitals, he stated that "the Deputy Commissioner makes the following

"FINDINGS OF FACT:

"That pursuant to the instructions contained in the United States District Court Order dated November 29, 1966, the Deputy Commissioner indicates that he meant (B) as referred to in the District Court Order.

"Upon the foregoing facts the Deputy Commissioner makes the following

"DETERMINATION:

"That the claim for permanent partial compensation benefits commencing 26 November 1962, is again rejected for the reason that claimant has not met the burden of showing that he has sustained any loss of wage-earning capacity as a result of his injury-related condition."

Claimant thereupon filed a supplemental complaint for review of the compensation order. The case was set for further argument and counsel have been heard.

The order of the Deputy Commissioner dated April 21, 1967, answers the question raised by the former opinion of this Court, and answers it in such

a way that the claim for permanent partial disability benefits must be denied. Counsel for claimant does not deny that this result is required by the former opinion of this Court, but asks the Court to review the conclusions reached in that opinion. The Court has done so, and adheres to its previous rulings.

The order of the Deputy Commissioner denying the claim for permanent partial disability benefits must be and it is hereby affirmed.