119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
FAR WEST INSULATION; SAIF Corporation, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAMS; Vivian
Peterson, Widow of Morris Peterson; Owens-Corning
Fiberglas; AETNA Casualty & Sufety
Company, Respondents.
 No. 96-70423.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 9, 1997.
Decided July 21, 1997.
 
 Before: GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Far West Insulation and its insurer, SAIF Corporation, (Far West) appeal the decision of the Benefits Review Board affirming the Administrative Law Judge's finding that Far West is solely responsible for payment of disability and death benefits to Vivian Peterson, widow of Morris Peterson. We have jurisdiction, 33 U.S.C. § 921(c), and affirm.
 
 
 3
 * Far West claims that the Board erred in affirming the ALJ's award of disability and death benefits without separately determining the cause of Peterson's disability and the cause of his death, and without determining which cause resulted from Far West's exposure. Far West contends that while it may be responsible for the asbestosis that contributed to Peterson's death, it is not responsible for the lung cancer that caused his disability because its exposure could not have caused the cancer. We disagree and hold that Far West is responsible for both disability and death benefits under the last employer rule.
 
 
 4
 The ALJ found, based on the undisputed facts, "that decedent was unable, due to the effects of his exposures to asbestos during covered Longshore Act employment, to resume his old or any other employment from December 10, 1977, to the time of his death on January 9, 1979, and that his death was also causally related to his prior asbestos exposure." Both asbestosis and asbestos-related lung cancer are occupational diseases governed by the last employer rule. See Foundation Constructors, Inc. v. Director, OWCP, 950 F.2d 621, 624 (9th Cir.1991) (citing Todd Pac. Shipyards Corp. v. Director, OWCP, 914 F.2d 1317 (9th Cir.1990); Todd Shipyards Corp. v. Black, 717 F.2d 1280 (9th Cir.1983)). Under the last employer rule, "[a]ll that must be proved is that the covered employer exposed the worker to injurious stimuli in sufficient quantities to cause the disease .... [i.e., that] exposure in such quantities had the potential to cause his disease." Todd, 914 F.2d at 1320 (citation omitted). There is no requirement, as Far West argues, that the actual causal effects of each asbestos exposure be determined in order to assign liability to an employer. Instead, Far West's exposure triggers liability under the last employer rule if it had the "potential" to cause Peterson's disability and his death. And, substantial evidence in the record indicates that it did.
 
 
 5
 The expert testimony of Dr. Brady supports the conclusion that Peterson's exposure at Far West was in sufficient quantity to cause and aggravate lung cancer and asbestosis and to cause and hasten death. See Independent Stevedore Co. v. O'Leary, 357 F.2d 812, 815 (9th Cir.1966) ("for purposes of compensation liability to hasten death or disability is to cause it"). The ALJ expressly found Dr. Brady to be more credible than Far West's expert. As the ALJ's credibility determinations here are not "inherently incredible or patently unreasonable," we will not disturb them on appeal. Todd, 914 F.2d at 1321 (citation omitted). The Board correctly applied the last employer rule and properly concluded that substantial evidence supports the ALJ's finding that Far West is responsible for both death and disability benefits.
 
 II
 
 6
 Far West argues that even if it were the last employer to expose Peterson to asbestos, its exposure was not the actual cause of his disability or death and therefore its exposure was not the last injurious exposure as required to trigger liability under the last responsible employer rule. As we have explained, this is not the rule. Todd, 914 F.2d at 1320.
 
 III
 
 7
 Far West also contends that it should not be held solely responsible for disability and death benefits because Peterson's cancer, although undiagnosed during his Far West employment, in fact already existed at that time. However, under the last employer rule, liability for occupational disease resulting from exposure to injurious stimuli during more than one period of employment is assigned to the employer who last exposed the employee prior to the employee's awareness of the disease and prior to the onset of disability. Port of Portland v. Director, OWCP, 932 F.2d 836, 840-41 & n. 3 (9th Cir.1991) (citing Travelers Ins. Co. v. Cardillo, 225 F.3d 137 (2d Cir.1955)). As Peterson's cancer had not been diagnosed, and he was not yet disabled, at the time of his Far West employment, Far West falls squarely within the rule despite the preexistence of Peterson's condition. See Lustig v. United States Dept. of Labor, 881 F.2d 593, 596 (9th Cir.1989); Todd, 717 F.2d at 1286 (noting that long latency period for asbestosis prohibits precise determinations of how much of the disease was caused by each employer, which favors enforcement of the last employer rule in order to ensure recovery).
 
 IV
 
 8
 Finally, Far West urges this court to apply the aggravation rule instead of the last employer rule and to apportion liability for the disability and death benefits awarded. However, the last employer rule, not the aggravation rule, governs where a covered worker suffers from an occupational disease, as did Peterson. Foundation, 950 F.2d at 624. Apportionment is not an option, because "[t]he purpose of the last employer rule is to avoid the complexities of assigning joint liability .... [it] calls for a single employer to be liable." General Ship Serv. v. Director, OWCP, 938 F.2d 960, 962 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3