**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CERES MARINE TERMINALS,
INCORPORATED,
Petitioner,

v.

THEODORE TAYLOR; MAHER

No. 99-2155

TERMINALS, INCORPORATED; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
Respondents.

On Petition for Review of an Order
of the Benefits Review Board.
(98-1460-BRB)

Argued: May 5, 2000

Decided: June 27, 2000

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge,
and Jerome B. FRIEDMAN, United States District Judge
for the Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas G. Young, III, YOUNG & VALKENET, L.L.C.,
Baltimore, Maryland, for Petitioner. William David Kurtz, VER-

DERAIME & DUBOIS, Baltimore, Maryland, for Respondents. **ON BRIEF:** Christopher J. Field, WEBER, GOLDSTEIN, GREENBERG & GALLAGHER, L.L.P., Jersey City, New Jersey, for Respondent Maher Terminals.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Ceres Marine Terminals challenges a Department of Labor Benefits Review Board decision finding Ceres liable for respondent Theodore Taylor's injuries. Finding no error, we affirm.

I.

Theodore Taylor began working as a general longshoreman in 1969. In 1981, Taylor suffered a dislocation and fracture of his left acetabulum when he fell twenty feet from the deck of a ship. Taylor underwent medical and surgical intervention for this hip injury. Taylor developed an infection and remained in the hospital for two months. In 1982, Taylor resumed his full pre-injury duties.

On August 4, 1992, while working for petitioner Ceres Marine Terminals, Taylor was injured again. Taylor was driving an old car onto a ship. When he reached the top of the ramp, the car's clutch and brakes failed. The car rolled backwards and struck several other vehicles.

As a result of this accident, Taylor visited Dr. Louis Halikman, complaining of pain in his neck, shoulders, lower back, and left leg. Halikman prescribed physical therapy. After a month of therapy, Taylor returned to Halikman complaining of increased pain in his left leg. Halikman recommended further consultations concerning treatment.

2

On December 15, 1992, Dr. Eli Lippman, an orthopedic surgeon, examined Taylor and recommended a total hip replacement. Halikman agreed with the recommendation, and on August 11, 1993, Halikman completely replaced Taylor's left hip. Halikman notes, "It is my practice that patients who have a hip replacement should not return to work in a laboring capacity." Taylor retired from work on the waterfront.

Taylor filed a claim against Ceres under the Longshore and Harbor Workers Compensation Act. 33 U.S.C. §§ 901-950. An administrative law judge found that Ceres was not liable for Taylor's permanent total disability because the 1992 accident was not an"aggravating" injury to Taylor's hip condition. The Benefits Review Board reversed and remanded. The Board concluded that the ALJ had incorrectly applied the "aggravation rule." The Board also found that the ALJ's decision was not supported by substantial evidence. On remand, the ALJ found Ceres liable. Ceres appealed, and the Board affirmed. Ceres then filed this petition for review, claiming that the Benefits Review Board erred by reversing the ALJ's initial decision that Ceres was not liable.

II.

Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the applicable law, we conclude that the Benefits Review Board correctly decided the issues before it. The Board properly concluded that the ALJ had incorrectly applied the aggravation rule. "Under the LHWCA's `aggravation rule,' if an injury at work aggravates an employee's pre-existing disability, the employer is liable for the employee's entire resulting disability, not only the disability that would have been due to the work-related injury alone." Director, Office of Workers' Compensation Programs v. Newport News Shipbuilding & Dry Dock Co., 138 F.3d 134, 138 (4th Cir. 1998); accord Newport News Shipbuilding & Dry Dock Co. v. Fishel, 694 F.2d 327, 329 (4th Cir. 1982) (The aggravation rule provides that "if an employment injury aggravates, accelerates, or combines with a previous infirmity, the entire disability is compensable."). In applying the rule in this case, the ALJ initially imposed an additional requirement for recovery. As the Board noted, the ALJ required Taylor to prove that his hip condition was"stable and asymptomatic" from the time Taylor returned to longshore work in

3

1982 until the August 4, 1992, accident. Such a showing, however, is simply not a necessary condition for recovery. See, e.g., Independent Stevedore Co. v. O'Leary, 357 F.2d 812, 815 (9th Cir. 1966); Fineman v. Newport News Shipbuilding & Dry Dock Co. , 27 BRBS 104 (1993).

The Board also concluded that the ALJ's misapplication of the aggravation rule improperly colored its factual findings. In finding that Ceres was not liable, the ALJ relied on the fact that Taylor "never was exactly pain free" since the 1981 injury. The ALJ also relied on the prediction of two doctors in 1982 that Taylor would likely at some point need additional hip surgery as a result of the 1981 accident. As the Board properly noted, however, these items of evidence have "no bearing on the question of whether claimant's pre-existing hip condition, or the symptoms of this condition, were aggravated by his August 1992 work injury." Rather, such evidence addresses whether Taylor's hip injury was "stable and asymptomatic."

When the Board applied the correct formulation of the aggravation rule to the facts in this case, the Board found that the record as a whole "overwhelmingly supports aggravation." We agree. The Board, for example, noted the following undisputed fact:"Following his 1981 injury, claimant returned to work as a longshoreman without restriction and, except for a period of disability after an unrelated 1991 injury, worked for the next decade until the August 4, 1992 injury." The Board also relied on the opinion of Taylor's treating physician, Dr. Halikman. Halikman concluded that Taylor's 1992 injury aggravated his pre-existing hip condition: "As a result of the 1992 accident, the patient's lumbar spine motion was limited. This put more of his walking motion on his hip. It is at that time that his hip pain became much more prevalent and did not improve; a hip replacement was then needed. This patient does not give a history of a direct injury involving his left hip in 1992, but it is apparent . . . that his hip pain clearly worsened afterwards necessitating the surgery."

Accordingly, we affirm the judgment on the reasoning of the Benefits Review Board.

AFFIRMED