**NOT FOR PUBLICATION**



FILED

MAY 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID T. BOUDREAU, | No.   19-73011 |
| Petitioner, | BRB No. 18-0562 |
| v. | |
| INDUSTRIAL RESOURCES, INC.; et al., | MEMORANDUM* |
| Respondents. | |

On Petition for Review of an Order of the
Benefits Review Board

Argued and Submitted May 5, 2021
Seattle, Washington

Before:  CHRISTEN and BENNETT, Circuit Judges, and SILVER,** District
Judge.

Petitioner David Boudreau seeks review of the Benefits Review Board's

(BRB) order affirming an Administrative Law Judge's (ALJ) decision awarding

Boudreau permanent partial disability benefits pursuant to the Longshore and

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Harbor Workers' Compensation Act. The BRB "reviews the ALJ's decision for substantial evidence and 'may not substitute its views for those of the [ALJ] or engage in a *de novo* review of the evidence.'" *Chugach Mgmt. Servs. v. Jetnil*, 863 F.3d 1168, 1173 (9th Cir. 2017) (quoting *Kalama Servs., Inc. v. Dir., Off. of Workers' Comp. Programs*, 354 F.3d 1085, 1090 (9th Cir. 2004)); *see* 33 U.S.C. § 921(b)(3). We review the BRB's decision for "errors of law and for adherence to the substantial evidence standard." *Kalama Servs.*, 354 F.3d at 1090. "The panel and BRB must therefore accept the ALJ's factual findings unless the factual findings are contrary to the law, irrational, or unsupported by substantial evidence." *Chugach Mgmt. Servs.*, 863 F.3d at 1173 (quotation marks and citation omitted). We have jurisdiction pursuant to 33 U.S.C. § 921(c), and we deny the petition in part and grant it in part. We remand for recalculation of Boudreau's award. Because the parties are familiar with the facts, we recite only those necessary to decide the petition.

1.      The BRB did not err by declining to award nominal benefits. "[A] worker is entitled to nominal compensation when his work-related injury has not diminished his present wage-earning capacity under current circumstances, but there is a significant potential that the injury will cause diminished capacity under future conditions." *Metro. Stevedore Co. v. Rambo* (*Rambo II*), 521 U.S. 121, 138

2

(1997). Pursuant to the parties' stipulation, the ALJ found that Boudreau's right arm injury was a "scheduled injury" and that Boudreau was permanently partially disabled. A claimant with a scheduled permanent partial disability is presumed to have a current loss of wage-earning capacity. *Id.* at 126 (explaining that "for certain enumerated or 'scheduled' injuries," incapacity to earn pre-injury wages "is conclusively presumed"). Because Boudreau is presumed to have a current loss of wage-earning capacity—and is being compensated for that disability—Boudreau is not entitled to a nominal award of benefits pursuant to *Rambo II. Id.* at 138.

2. Boudreau argues the BRB and ALJ erred by calculating the impairment of Boudreau's right arm without considering Boudreau's congenital absence of a left arm below the elbow. Boudreau contends the ALJ should have applied the aggravation rule to account for his preexisting condition. "The aggravation rule is a doctrine of general workers' compensation law [that] provides that, where an employment injury aggravates, accelerates, or combines with a preexisting impairment to produce a disability greater than that which would have resulted from the employment injury alone, the entire resulting disability is compensable." *Port of Portland v. Dir., Off. of Workers' Comp. Programs*, 932 F.2d 836, 839 (9th Cir. 1991) (citing *Indep. Stevedore Co. v. O'Leary*, 357 F.2d 812, 814–15 (9th Cir. 1966)). "This doctrine does not require that the employment

3

injury interact with the underlying condition itself to produce some worsening of the underlying impairment." *Id.* (citations omitted). We conclude the ALJ did not err by declining to apply the aggravation rule when calculating Boudreau's impairment rating pursuant to § 908(c)(19). That subsection provides that "[c]ompensation for permanent partial loss or loss of use of *a member* may be for proportionate loss or loss of use of *the member*." 33 U.S.C. § 908(c)(19) (emphasis added). Because Boudreau's left arm impairment did not increase the impairment caused by the right arm injury, we conclude the ALJ did not err by declining to apply the aggravation rule.

However, the ALJ also stated that Boudreau was "not entitled to combine his right arm work injury and his left arm defect because the schedule does not provide for bilateral impairment to the upper extremities." We question whether this statement of law can be squared with 33 U.S.C. § 908(c)(22), which provides for consecutive scheduled awards "[i]n any case in which there shall be a loss of, or loss of use of, more than one member or parts of more than one member set forth in [the schedule], not amounting to permanent total disability." Because we remand for a recalculation of Boudreau's impairment rating, the ALJ will have an opportunity to reconsider the applicability of § 908(c)(22) on remand.

4

3.     When calculating an impairment rating, "the administrative law judge is not bound by any particular standard or formula but may consider a variety of medical opinions and observations in addition to claimant's description of symptoms and physical effects of his injury in assessing the extent of claimant's disability." *Pimpinella v. Universal Mar. Serv. Inc.*, 1993 WL 13714765 at *4 (BRB 1993) (per curiam).  Here, the ALJ rejected the opinion of Dr. Nimlos in large part because Dr. Nimlos relied on the 5th Edition Guides to the Evaluation of Permanent Impairment (*5th Edition*), rather than the more recent *6th Edition*.  The ALJ explained that the *5th Edition* does not specifically account for lateral epicondylitis, and the *6th Edition* does.

On the facts of this case, we conclude the decision to use the *6th Edition* as a starting point was error because Boudreau's diagnosis does not fit within either of the *6th Edition*'s factual predicates.  The *6th Edition* posits an injured worker with a "[h]istory of painful injury, residual symptoms *without consistent objective findings*," or an injured worker who has had "surgical release of flexor or extensor origins with residual symptoms.  AMERICAN MEDICAL ASSOCIATION, GUIDES TO THE EVALUATION OF PERMANENT IMPAIRMENT 399 (Robert D. Rondinelli, M.D., et al. eds., 6th ed. 2008) (emphasis added).  An impairment rating between zero and two percent is assigned to the first category, *id.*, and a rating between three and

seven percent is assigned to the second category. *Id.* The ALJ did not acknowledge that Boudreau's injury does not fit into either of these categories because he has not had surgery and his history (a painful injury with residual symptoms) is supported by consistent objective findings. Given the facts in Boudreau's case, it was an abuse of discretion to rely on the *6th Edition* as a starting point for calculating the impairment rating.

None of Boudreau's other arguments are persuasive. Accordingly, we grant Boudreau's petition to the extent he seeks a recalculation of his impairment rating, but deny it in all other respects.[1]

**PETITION DENIED IN PART AND GRANTED IN PART.**

---

[1] Respondents' motion for leave to file supplemental excerpts (Dkt. No. 33) is DENIED.